## L. G. DeFelice & Son, Inc. *v.* Town of Wethersfield

HOUSE, C. J., SHAPIRO, LOISELLE, MACDONALD and BOGDANSKI, Js.

Argued November 8, 1974—decision released January 21, 1975

*William T. Shea,* with whom was *Kerry A. Cook,* for the appellant (plaintiff).

*Donald J. Garvey,* for the appellee (defendant).

MACDONALD, J. The plaintiff has appealed from a judgment of the Court of Common Pleas denying its claims for relief in an action against the defendant, the town of Wethersfield, wherein the plaintiff sought relief against a claimed wrongful and excessive taxation of personal property during the tax year beginning September 1, 1968.

In its complaint dated August 14, 1970, the plaintiff asked, in its first count, that the assessment against its property be stricken on the basis of a claim that it was not the owner of the property in question at the time of the assessment. In the second count the plaintiff, pursuant to the provi-

sions of § 12-119[1] of the General Statutes, sought a reduction of the assessment as manifestly excessive. The defendant town filed an answer to the plaintiff's complaint and did not raise in its pleadings the issue of the one-year time limitation imposed by § 12-119 upon applications brought thereunder to reduce manifestly excessive assessments. The trial court, on its own motion, raised the time limitation issue and ruled that the plaintiff had failed to bring its action within the time period contained therein.[2]

The sole question presented is whether, in an action brought pursuant to § 12-119, a defense

---

[1] "[General Statutes] Sec. 12-119. REMEDY WHEN PROPERTY WRONGFULLY ASSESSED. When it is claimed that a tax has been laid on property not taxable in the town or city in whose tax list such property was set, or that a tax laid on property was computed on an assessment which, under all the circumstances, was manifestly excessive and could not have been arrived at except by disregarding the provisions of the statutes for determining the valuation of such property, the owner thereof or any lessee thereof whose lease has been recorded as provided in section 47-19 and who is bound under the terms of his lease to pay real property taxes, prior to the payment of such tax, may, in addition to the other remedies provided by law, make application for relief to the court of common pleas of the county in which such town or city is situated. *Such application may be made within one year from the date as of which the property was last evaluated for purposes of taxation* and shall be served and returned in the same manner as is required in the case of a summons in a civil action, and the pendency of such application shall not suspend action upon the tax against the applicant. In all such actions, the court of common pleas shall have power to grant such relief upon such terms and in such manner and form as to justice and equity appertains, and costs may be taxed at the discretion of the court. If such assessment is reduced by said court, the applicant shall be reimbursed by the town or city for any overpayment of taxes in accordance with the judgment of said court." (Emphasis added.)

[2] The trial court found the issues upon the first count for the defendant town and the plaintiff has not appealed that determination.

based upon a statute of limitations must be pleaded by the party claiming protection thereunder, or whether the trial court, of its own motion, may dismiss an action for lack of compliance with the particular statute of limitations herein involved. We recently had occasion to discuss this issue in *Diamond National Corporation* v. *Dwelle,* 164 Conn. 540, 325 A.2d 259, where, within the context of an action to enforce a mechanic's lien, we stated (pp. 546, 547): "Generally, 'limitations on actions . . . are considered procedural or personal and thus subject to waiver. . . . This is so because it is considered that the limitation merely acts as a bar to a remedy otherwise available. . . . Such is not considered to be the case, however, where a specific limitation is contained in the statute which establishes the remedy. Here the remedy exists only during the prescribed period and not thereafter. . . . In such situations the Statute of Limitations is considered substantive or *jurisdictional* rather than procedural or personal [emphasis added].' . . . Since the expiration of the cause of action is jurisdictional, the court could properly raise the question of jurisdiction on its own motion. *Lewis* v. *Rosen,* 149 Conn. 734, 735, 181 A.2d 592."

In *Hillier* v. *East Hartford,* 167 Conn. 100, 105, 355 A.2d 1, we extended the *Diamond National* rationale to tort actions brought against municipalities pursuant to § 13a-149 of the General Statutes, where the plaintiff had failed to notify the municipality within the time limits prescribed by § 13a-149.

Integral to the application of *Diamond National* to the present case, however, is a determination as to whether the right of action raised in the second

count of the plaintiff's complaint existed at common law, independent of § 12-119. As we stated in *Diamond National* (p. 543): " 'The general rule is that where a statute gives a right of action which did not exist at common law, and fixes the time within which the right must be enforced, the time fixed is a limitation or condition attached to the right—it is a limitation of the liability itself as created, and not of the remedy alone.' *DeMartino* v. *Siemon,* 90 Conn. 527, 528, 97 A. 765."

Clearly, the right of action involved here did exist at common law. In *Connecticut Light & Power Co.* v. *Oxford,* 101 Conn. 383, 126 A. 1, this court discussed this specific issue with regard to a predecessor of § 12-119, stating (pp. 391–92): "We have held heretofore that the remedy by appeal from the action of a board of relief is not exclusive, and that the tax may be paid and an action brought to recover it as money illegally received and retained, and that in extreme cases an injunction may be granted restraining the collection of the tax. . . . To these recognized remedies the statute . . . merely added one more, and this added remedy was, properly speaking, merely declaratory of existing legal and equitable rights; for can it be doubted that relief outside of that obtainable by appeal, would have been afforded as respects the two categories mentioned in the recent statute, that is, the absolute nontaxability of the property in the municipality where situated, and a manifest and flagrant disregard of statutory provisions." And in *Cohn* v. *Hartford,* 130 Conn. 699, 703, 37 A.2d 237, reference was made to the language just quoted as follows: "The right and remedy to which reference is made in that decision was one accorded a taxpayer where there was mis-

feasance or nonfeasance by the taxing authorities or the assessment was arbitrary or so excessive or discriminatory as in itself to show a disregard of duty on their part." See also *E. Ingraham Co.* v. *Bristol,* 146 Conn. 403, 407–408, 151 A.2d 700, cert. denied, 361 U.S. 929, 80 S. Ct. 367, 4 L. Ed. 2d 352. In this action the plaintiff has alleged in its complaint a disregard of duty by the assessors resulting in a manifestly excessive assessment and thus clearly is within the limited area in which the statute, § 12-119, has codified an existing common-law right and remedy. Whether the common-law right and remedy survives and is coexistent with the statutory right and remedy is not integral to the present issue. That the right and remedy once existed at common law determines that the limitation in § 12-119 is procedural and personal rather than substantive or jurisdictional and is thus subject to waiver. Accordingly, the court erred in raising the issue of limitation on its own motion.

There is error, the judgment is set aside and the case is remanded to be proceeded with according to law.

In this opinion the other judges concurred.