HELEN McMAHON *v.* VICTOR COLACI ET AL.

SUPERIOR COURT  JUDICIAL DISTRICT OF  FILE NO. 051377
WATERBURY

Memorandum filed April 16, 1980

*Francis J. Grady,* for the plaintiff.

*Terrence D. Mariani,* for the named defendant.

*Secor, Cassidy & McPartland,* for the defendant Walter E. Heller & Co., Inc.

BERDON, J. The plaintiff brought this negligence action on December 10, 1979, against the named defendant, Victor Colaci, for an injury which occurred on December 10, 1975. That defendant filed a special defense in which he alleged that the action was barred by the applicable statute of limitations. General Statutes § 52-584. Section 52-584 of the General Statutes provides that actions "caused by negligence . . . shall be brought but within two years from the date when the injury is first sustained or discovered or in the exercise of reasonable care should have been discovered, and except that no such action may be brought more than three years from the date of the act or omission complained of . . . ." The defendant seeks summary judgment on the basis of that defense.

The plaintiff objects on the basis that suit was brought under the accidental failure of suit statute; General Statutes § 52-592; which provides, in part, the following: "If any action, commenced within the time limited by law, has failed one or more times to be tried on its merits because of . . . any matter of form . . . the plaintiff . . . may commence a new action for the same cause at any time within one year after the determination of the original action . . . ." The plaintiff argues that a prior suit was originally brought against the defendant within the time provided by law, but that it was dismissed on April 23, 1977, pursuant to § 191A of the 1963 Practice Book (§ 251 of the 1978 Practice Book) for failure to prosecute with reasonable diligence. Section 251 of the 1978 Practice Book provides the following: "If a party shall fail to prosecute an action with reasonable diligence, the court

may, after hearing, on motion by any party to the action pursuant to Sec. 196, or on its own motion, render a judgment dismissing the action with costs."

It is clear that a dismissal under § 251 for failure to prosecute is a final judgment. "It is not, however, a judgment on merits. It does not conclude the parties as to the cause of action involved in the case, because it is not a final determination of the substantive rights of the parties." *Bridgeport Hydraulic Co.* v. *Pearson,* 139 Conn. 186, 196.

Accordingly, dismissal under § 251 for failure to prosecute is a failure of a "matter of form" and the plaintiff may bring a new action if he meets the requirements of § 52-592 of the General Statutes.

Query whether the provisions of § 52-592 of the General Statutes are properly raised under the pleadings of this case. The plaintiff does not plead sufficient facts in the complaint or reply to the special defense to raise matters in avoidance of the statute of limitations. See *Ross Realty Corporation* v. *Surkis,* 163 Conn. 388, 392. This issue has not been raised by the parties on the motion for summary judgment. The plaintiff may, however, wish to consider an amendment.

The motion for summary judgment is denied.