[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION TO STRIKE SPECIAL DEFENSE
This is an action for negligence and breach of express warranty in performing a construction contract for a house. The defendant filed two special defenses. The first special defense claims that the issues in this case were decided by a judgment of dismissal entered on June 20, 1986 in a prior action between the same parties. The plaintiffs have filed a motion to strike the first special defense claiming that a dismissal under section 251 of the Practice Book is not an adjudication on the merits having the effect of res judicata, so that it is not a valid defense to this action. The defendant counters by claiming that while the dismissal allowed the plaintiffs to bring a new action pursuant to CT Page 225 section 52-592 of the General Statutes, that this action was not commenced within one year from dismissal of the prior action as required by the statute.
The parties have stipulated that the prior action was a dismissal under section 251 of the Practice Book for failure to diligently prosecute the action. It was dismissed at a calendar call under the dormant case program. Where a case is dismissed for failure to prosecute under section 251 it is not an adjudication on the merits that can be treated as res judicata. Milgrim v. De Luca, 195 Conn. 191, 194, 195; Lecasse v. Burns, 214 Conn. 464, 473; Gionfrido v. Wharf Realty, Inc., 193 Conn. 28, 34 n. 6. Dismissal of actions under section 251 is considered a dismissal "for any matter or form" within the meaning of section 52-592 of the General Statutes, which allows an action to be brought again where it was not tried on its merits because of "any matter or form." Lecasse v. Burns, supra, 474; Gionfrido v. Wharf Realty, Inc., supra, 34n; Maisano Bros., Inc. v. Halperin, 36 Conn. Sup. 269,271. Accordingly, the special defense to the effect that the prior judgment of dismissal bars this claim is, as pleaded, an insufficient special defense.
In order to save the special defense the defendant argues and has briefed a claim that an action based upon the accidental failure of suit statute, section 52-592, is barred because the previous action was dismissed on June 20, 1986, and this action, was not commenced until 1989, beyond the one year time period for commencing a new action under the statute. However, the special defense itself, does not refer to the statute or claim that the action is barred by the statute of limitations. As a general rule, a statute of limitations is a procedural requirement and it is considered waived unless it is pleaded as a special defense, because the limitation is considered as a bar to a remedy which is otherwise available. DeFelice Son, Inc. v. Wethersfield,167 Conn. 509, 511; Moore v. McNamara, 201 Conn. 16, 22.
A motion to strike can be used to question the legal sufficiency of a special defense. Connecticut Practice Book section 152(5); Nowak v. Nowak, 175 Conn. 112, 116. With a motion to strike, all of the facts alleged in the pleading and facts necessarily implied from it are accepted as true and the pleading is construed in the manner most favorable to the pleader. Blancato v. Feldspar Corporation, 203 Conn. 34,36, 37. However, facts cannot be inferred beyond those alleged in the pleading or necessarily implied from alleged facts. King v. Board of Education, 195 Conn. 90, 95. The defendant cannot through argument and its brief transform a res judicata defense into a statute of limitations defense. CT Page 226
The motion to strike the first special defense is granted.
ROBERT A. FULLER, JUDGE.