[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION TO DISMISS
This Small Claims action, subsequently transferred CT Page 4710 to the regular civil docket, arose out of an incident which allegedly occurred on February 8, 1989. The original writ was filed in this court on October 9, 1990. On July 24, 1991, the defendant filed an Answer, Special Defenses and a Counterclaim. Although filed more than two years after the incident itself, such a counterclaim would, ceteris paribus, be allowed under the applicable statute of limitations, Connecticut General Statutes Section 52-584, as it was filed prior to the closing of the pleadings.
The plaintiff claims that the pleadings were closed on August 7, 1991, when she filed a Reply to the defendant's Special Defenses. On that same day, she filed a Request to Revise the counterclaim, which, in the absence of any objection by the defendant, is deemed to have been granted by the court on the date of filing, with the requirement that a revised pleading be filed within thirty days. Connecticut Practice Book Section 149.
The defendant filed no objection to the Request to Revise. It did not seek an extension of time within which to file a revised counterclaim. The pleadings were therefore closed after September 6, 1991.
The defendant did file a "Revised Counterclaim" on October 21, 1991. Although styled as a "Revised Counterclaim," the deadline for such a filing having passed some six weeks previously, it is not, in fact, a response to the plaintiff's Request to Revise. Most significantly, having been filed some six weeks after the last date on which the pleadings could still be construed to have been open, the counterclaim is barred by the statute of limitations, Connecticut General Statutes Section 52-584.
A motion to strike the so-called "Revised Counterclaim" was granted by this court, Leuba, J., on March 24, 1992, and the defendant, within the time period contemplated by Connecticut Practice Book Section 157, has filed a new "Revised Counterclaim."
In response, the plaintiff has moved to dismiss the counterclaim, asserting that the court lacks subject matter jurisdiction, a claim based on the statute of limitations. The plaintiff opposes this motion, claiming first that, contrary to the plaintiff's assertions, the counterclaim is directed against Judith Isaacson and not Amy Isaacson, and also that the pleadings have not yet been closed.
The first of the defendant's objections is not germane to the resolution of the instant motion. In striking CT Page 4711 the first "Revised Counterclaim," the court implicitly agreed with the plaintiff's assertion that that proposed pleading was directed at Amy Isaacson, and the parties are bound by that finding. The second "Revised Counterclaim" specifically addresses itself to Judith Isaacson.
The only real issue addressed by the motion to dismiss is whether the current so-called "Revised Counterclaim" is barred by the statute of limitations. The plaintiff asserts that this is a question of subject matter jurisdiction, properly addressed through a motion to dismiss, but it provides no support for this contention. To the contrary, the "general rule is that where the right of action exists independently of the statute in which the limitation is found, such a statutory bar is considered personal and procedural." Orticelli v. Powers, 197 Conn. 9, 15 (1985). It is only in cases where the specific limitation is contained within the statute that establishes the remedy that the statute of limitations is considered jurisdictional. See L.G. DeFelice Son, Inc. v. Wethersfield, 169 Conn. 509, 511,356 A.2d 144 (1975). The right to bring the type of action by the defendant's "Revised Counterclaim" is not conferred by Connecticut General Statutes Section 52-584, which prescribes only the time limits within which such an action must be brought. The issue purportedly raised by the plaintiff's motion to dismiss, therefore, is procedural rather than jurisdictional.
Although it appears that a special defense is deemed to be the best way to address a non-jurisdictional statute of limitations claim, a demurrer to the challenged pleading is an acceptable response. Vilcinskas v. Sears Roebuck Co.,144 Conn. 170, 171-173 (1956). Our Supreme Court has held that the "purpose and scope of a motion to strike are identical to those of a demurrer." Cavallo v. Derby Savings Bank,188 Conn. 281, 283, 449 A.2d 986, 987 (1980). Thus, the issues raised by the plaintiff should have been presented in the form of a motion to strike or a special defense.
The fact that the plaintiff may have utilized the wrong procedural vehicle, however, should not prevent the court from acting on the issue of whether or not the proposed counterclaim is barred by the statute of limitations, as long as that issue is fairly raised on the record before it. The Supreme Court has approved the procedure of treating a Motion to Dismiss as a Motion to Strike where appropriate. McCutcheon Burr, Inc. v. Berman, 218 Conn. 512, 527 (1991), and it noted with approval New England Land Company Ltd. v. DeMarkey,213 Conn. 612, 623, 569 A.2d 1098 (1990), to the effect that "where the pleadings and exhibits are the only evidentiary CT Page 4712 concerns, the dictates of judicial economy instruct us to resolve the legal validity of a particular agreement under an applicable statute at the earliest time practicable." The court in McCutcheon correctly noted that the only difference between the results of a motion to dismiss for lack of subject matter jurisdiction and the granting of a motion to strike is that in the latter case, the losing party would have the opportunity to plead over. "The ability to amend after a motion to strike would be unavailing to the (defendant) here, however, because the (defendant) was unable to demonstrate that it could add anything to its complaint by way of amendment that would avoid the deficiencies in the original complaint." McCutcheon, supra, 528.
Treating the motion to dismiss as a motion to strike, therefore, the court finds that once the thirty-day period following the automatic granting of the plaintiff's Request to Revise on August 7, 1991 had passed, the pleadings were deemed to be closed. What purported to be a "Revised Counterclaim," filed in October of 1991, was therefore in fact a new counterclaim. Coming, as it did, more than two years after the precipitating event and some weeks after the pleadings were closed, it was barred by Connecticut General Statutes Section 52-584. Although the plaintiff did not raise the statute of limitations has an argument in connection with its first Motion to Strike, there is nothing to prevent it from doing so in connection with the defendant's attempt to plead over.
Treating the Motion to Dismiss as a Motion to Strike, therefore, the "Revised Counterclaim" dated April 6, 1992, is ordered stricken.
SILBERT, J.