[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION TO AMEND #112
The plaintiff, Wendy Ann Filo, filed a one-count complaint on December 23, 1991, seeking to recover for physical injuries sustained as a result of a fall on a sidewalk. The plaintiff names the City of Derby and the Derby Board of Education as defendants.
The plaintiff alleges that on January 2, 1991, she slipped on ice while walking on a sidewalk located on the school property of Derby High School. The plaintiff further alleges that the defendants failed to exercise reasonable care by failing to remove the accumulated ice and snow from the sidewalk. (The plaintiff notified the City Clerk pursuant to General Statutes 7-465 by letter dated January 17, 1990).
The defendants filed an answer and two special defenses (sovereign immunity and governmental immunity) on CT Page 11577 February 7, 1992. The plaintiff filed a reply on May 1, 1992 (closing the pleadings pursuant to Practice Book 379).
On June 10, 1992, the defendants moved for summary judgment (#111) on the grounds that the plaintiff's complaint, which asserts a negligence claim against the defendants pursuant to General Statutes 7-465, does not allege that the defendants were liable as indemnitors for an act of negligence by one or more of their employees. The plaintiff filed an objection to the motion for summary judgment (#115) on July 29, 1992, on the ground that she sought to amend her complaint so that it would allege a defective highway claim pursuant to General Statutes13a-149. Then, on July 30, 1992, the plaintiff filed a request for leave to file an amended complaint pursuant to Practice Book 176. The defendants timely filed their objection on August 11, 1992.
DISCUSSION
The plaintiff seeks to file an amended complaint in order to allege liability on the part of the defendants pursuant to General Statutes 13a-149 (defective highway statute), based on the same group of facts that were pled in support of her original negligence claim.
The defendants argue that a defective highway claim pursuant to General Statutes 13a-149 is a "statutory cause of action" (as opposed to a claim which is predicated upon a common law finding of negligence on the part of defendants' employee) which must be commenced within two years of the date of the incident. Thus, the defendants contend that in the present case, a defective highway claim would be barred by the statute of limitations.
1. Request to Amend
 [Practice Book 176] [a]mendments should be made reasonably. Factors to be considered in passing on a motion to amend are the length of delay, fairness to the opposing parties and the negligence if any, of the party offering the amendment. . . . The motion to amend is addressed to the trial court's discretion CT Page 11578 which may be exercised to restrain the amendment of pleadings so far as necessary to prevent unreasonable delay of the trial. . . . It is within the discretion of the trial court to grant or deny an amendment. . . .
LoSacco v. Young, 20 Conn. App. 6, 7-8, 564 A.2d 610 (1989).
It is clear that in the present case, a ruling on the plaintiff's request for leave to file an amended complaint involves more than "the discretion of the trial court," as the granting or denying of this request requires the court to consider a substantive, jurisdictional issue regarding the applicable limitations period for bringing a statutory defective highway cause of action.
2. Actions Pursuant to the Defective Highway Statute
General Statutes 52-557n(a)(1)(c) ("Tort Reform II") provides that "no cause of action shall be maintained for damages resulting from injury to any person or property by means of a defective road or bridge except pursuant to section 13a-149." Thus, an action under the defective highway statute is a plaintiff's exclusive remedy against a municipality for damages for personal injuries sustained due to an allegedly defective road. Sansone v. Board of Police Commissioners, 219 Conn. 179, 192, 592 A.2d 912 (1991). The word "road" also includes a sidewalk. Hornyak v. Town of Fairfield, 135 Conn. 619, 621, 67 A.2d 562 (1949).
General Statutes 13a-140 provides in pertinent part:
 Sec. 13a-149. Damages for injuries by means of defective roads and bridges. Any person injured in person or property by means of a defective road or bridge may recover damages from the party bound to keep it in repair. No action for any such injury sustained on or after October 1, 1982, shall be brought except within two years from the date of such injury. No action for any such injury shall be maintained against any town, city, corporation or borough, unless written CT Page 11579 notice of such injury and a general description of the same, and of the cause thereof and of the time and place of its occurrence, shall, within ninety days thereafter be given to a selectman or the clerk of such town, or to the clerk of such city or borough or to the secretary or treasurer of such corporation.
(Emphasis added.) While the plaintiff alleges in her amended complaint that she gave written notice of her injury to the defendant on January 17, 1990, and thus complied with the condition precedent contained in 13a-149, it is noted that the statute requires the action to be commenced within two years from the date of injury. "Where a specific limitation is contained in the statute which establishes the remedy, the remedy exists only during the prescribed period and not thereafter." Travelers Indemnity Co. v. Rubin,209 Conn. 437, 446, 551 A.2d 1220 (1988). "In such situations the [limitation period] is considered substantive or jurisdictional rather than procedural or personal." Collins v. Meriden, 41 Conn. Sup. 425, 428, 580 A.2d 549 (Super.Ct. 1990), quoting L.G. DeFelice Sons, Inc. v. Wethersfield,167 Conn. 509, 511, 356 A.2d 144 (1975). In this situation, the court may properly raise the statute of limitations issue on its own motion; Travelers Indemnity Co. v. Rubin, supra, 446; since the expiration of the cause of action if jurisdictional. L.G. DeFelice Sons, Inc. v. Wethersfield, supra, 511.
In the present case, the plaintiff alleges that she was injured on January 2, 1990. Now, the plaintiff seeks to bring a statutory defective highway claim against the defendant as of July 30, 1992 (the filing date of the plaintiff's request for leave to file an amended complaint), which is beyond the two year limitations period contained in13a-149. (The limitations period for bringing a defective highway claim expired on January 2, 1992).
It is clear that the court must deny the plaintiff's request for leave to file an amended complaint because the plaintiff's proposed amendment, which seeks to assert a defective highway claim against the defendants pursuant to General Statutes 13a-149, violates the statute of limitations contained within that statute. It is CT Page 11580 found that because the statutorily prescribed limitation period has expired, and because the statutory remedy existed only during the prescribed period, the plaintiff is time-barred from asserting a defective highway claim pursuant to 13a-149.
The motion is denied.
McGRATH, J.