[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This action is the defendants', the Town of Colchester Board of Tax Review (hereinafter "Board") and the Town of Colchester (hereinafter "Town"), motion to dismiss three counts of the appeal of the plaintiffs, Sarah Mazur, Faye Peltz, Izhak Nidzon and Etta Isenberg, from the town assessor's assessment of certain real property owned by the plaintiffs and from the decision of the Board to affirm said assessment.
FACTS CT Page 1024
On August 1, 1989, the plaintiffs received by devise a parcel of real property in Colchester, Connecticut. Before the devise, the property was classified and assessed for tax purposes as farm land/forest as defined by the Town's tax provisions. On or about August 1, 1989, the town assessor declassified the subject property and reassessed it at a higher rate. The new assessment was effective October 1, 1989.
The plaintiffs allege that they did not receive notice of the reassessment and were unaware of said increase until they received the tax bill in July of 1990. The plaintiffs paid the tax bill for the grand list of October 1, 1989, under protest.
On March 23, 1991, the plaintiffs appealed the tax assessor's declassification and reassessment to the Board. On April 23, 1991,[1] the Board affirmed the tax assessor's declassification and reassessment of the subject property.
On July 5, 1991, the plaintiffs commenced this appeal to the Superior Court pursuant to General Statutes12-118 and 12-119 by service of process on the Town. On February 26, 1992, the plaintiffs filed an amended complaint in four counts against the Town and the Board.
In count one, the plaintiffs allege that the Board acted illegally, arbitrarily and in abuse of its discretion in affirming the assessor's declassification and reassessment of the plaintiffs' property for purposes of the October 1, 1989 grand list. In count two, the plaintiffs allege that the assessment was manifestly excessive. In count three, the plaintiffs reallege the allegations from count one in relation to tax assessed on the October 1, 1990 grand list. In count four, the plaintiffs reallege the allegations in count two in relation to the tax assessed on the October 1, 1990 grand list.
On March 4, 1992, the defendants filed an answer to the amended complaint and asserted two special defenses. The defendants assert in the first special defense that the plaintiffs failed to commence the actions set forth in counts one and three within two months from the decision of the Board as required by General Statutes 12-118. The defendants assert in the second special defense that the CT Page 1025 plaintiffs failed to commence the actions set forth in counts two and four within one year of the revaluation complained of as required by General Statutes 12-119.
On April 24, 1992, the defendants filed a motion to dismiss counts one, two and three of the plaintiffs' appeal to the Superior Court on the ground that the court lacks subject matter jurisdiction over the appeal because the causes of action set forth in these counts were not brought within the statutorily mandated time periods for commencing tax appeals. Accompanying the motion was a memorandum of law in support of the motion to dismiss. In their memorandum, the plaintiffs argue that the claim made in count one is defective because an appeal to the Board must be made during the February following the allegedly defective assessment. The defendants argue that the plaintiffs allege in count one that the October 1, 1989 assessment was defective, but failed to appeal this assessment to the Board until March 23, 1991. Therefore, the defendants argue that this action is untimely because such an appeal must be made to the Board during the first February following the assessment pursuant to General Statutes 12-119 or February of 1990 in the instant case.
The defendants argue in the alternative that the action set forth in counts one and three of the appeal complaint is untimely because it challenges the decision of the Board of April 23, 1991, but the appeal of said decision to the Superior Court was not commenced until July 5, 1991. The defendants argue that pursuant to General Statutes12-118, such actions must be commenced within two months of the Board's decision.
The defendants argue that the action set forth in count three is untimely because it challenges the revaluation effective October 1, 1989, but the appeal of said revaluation was not commenced until July 5, 1991. The defendants argue that pursuant to General Statutes 12-119, such actions must be commenced within one year of the revaluation.
The affidavit of Norman Wood accompanies the memorandum of law. The affiant states that at the time of the affidavit he was the town assessor. The affiant also states that "Sarah Mazur et al" was given written notice of the reassessment on January 18, 1990. (Pleadings, Defendants' Memorandum of Law in Support of the Motion to CT Page 1026 Dismiss, Wood affidavit.) A copy of what the affiant purports to be the notice sent to "Sarah Mazur et al" is attached to the affidavit.
Also accompanying the memorandum of law is the affidavit of Constance Pekoske. The affiant states that she has been the secretary of the Board since 1984. The affiant also states that the plaintiffs appealed to the Board on March 23, 1991. The affiant continues that the Board affirmed the decision of the assessor to reassess the plaintiffs' property on April 23, 1991. A copy of what the affiant purports to be the decision of the Board, dated April 23, 1991, is attached to the affidavit. The affiant states that this notice of decision was mailed to the plaintiff, Sarah Mazur.
On October 8, 1992, the plaintiffs filed a memorandum of law in opposition to the defendants' motion to dismiss. The plaintiffs argue that they did not receive proper notice of the reassessment and that this caused the delay in their original appeal to the Board. The plaintiffs further argue that the appeal to the Superior Court was commenced on July 5, 1991, and that that date was within one year of when they received actual notice of the reassessment that they challenge. The plaintiffs allege that the Board affirmed the decision of the tax assessor on May 10, 1991, and that they commenced this appeal on July 5, 1991, within two months from the Board's action and one year after they received actual notice of the reassessment.
In affidavits attached to the memorandum of law, three of the plaintiffs, Faye Peltz, Izhak Nidzon and Etta Isenberg state that they never received notice of the 1989 reassessment. All of the plaintiffs state in their affidavits that they did not receive notice of the reassessment until July 1990 when Sarah Mazur contacted them on the phone after she received her tax bill. The plaintiffs argue that they did not appeal the assessment to the Board until March 23, 1991, because that was the first available date after they received actual notice of the assessment from Sarah Mazur.
Finally, the plaintiffs argue that the Board did not affirm the assessor's decision until May 10, 1991, as evidenced by the affidavit of Sarah Mazur. Attached to this CT Page 1027 affidavit is a letter, purportedly sent by the Board and received by Sarah Mazur, dated May 10, 1991, which states that the Board affirmed the decision of the assessor. The plaintiffs argue that they appealed the Board's decision on July 5, 1991, within two months of the decision as required by General Statutes 12-118.
DISCUSSION
"A motion to dismiss is the proper vehicle to test the jurisdiction of the court." Zizka v. Water Pollution Control Authority of the Town of Windham, 195 Conn. 682, 685,490 A.2d 509 (1985). When the motion to dismiss does not seek to introduce facts beyond the record, it admits all well pleaded facts, the complaint being construed most favorably to the plaintiff. Duguay v. Hopkins, 191 Conn. 222, 227,464 A.2d 45 (1983). Where appropriate, a party shall file supporting affidavits as to facts not apparent on the record. Practice Book 143. Where a motion to dismiss is accompanied by supporting affidavits containing undisputed facts, the court may look to their content for determination of the jurisdictional issue. Barde, supra. "When issues of fact are necessary to the determination of the court's jurisdiction, due process requires that a trial-like hearing be held in which an opportunity is provided to present evidence and to cross-examine adverse witnesses." Standard Tallow Corporation v. Jowdy, 190 Conn. 48, 56, 459 A.2d 503
(1983).
A. The Motion to Dismiss Counts One and Three
In the instant case, both parties sought to introduce facts beyond the record through the filing of affidavits. The defendants filed the affidavit of Constance Pekoske in support of their assertion that the plaintiffs failed to commence their action within two months from the decision of the Board as required by General Statutes12-118. The affiant Pekoske states that she has been the secretary of the Board since 1984. The affiant also states that the plaintiffs appealed to the Board on March 23, 1991. The affiant further states that the Board affirmed the decision of the assessor on April 23, 1991. A copy of what the affiant purports to the decision of the Board, dated April 23, 1991, is attached to the affidavit. CT Page 1028
The plaintiffs countered with the affidavit of Sarah Mazur which states that the Board did not affirm the assessor's decision until May 10, 1991. A letter dated May 10, 1991, attached to the affidavit states that the Board affirmed the decision of the assessor. The letter was purportedly sent by the Board to Sarah Mazur.
These affidavits present a dispute over facts which are crucial to the determination of whether the claims in counts one and three are timely and thus whether the Court has jurisdiction over the subject matter of the appeal. Therefore, it is not appropriate to grant a motion to dismiss these two counts due to the existence of this factual dispute. Further, the Court hereby orders an evidentiary hearing in regard to this dispute.
B. The Motion to Dismiss Count Two
The defendants move to dismiss count two on the ground that the plaintiffs failed to commence the action contained therein, which challenges the October 1, 1989 revaluation, within one year of the revaluation as required by General Statutes 12-119. The plaintiffs argue that they did not receive notice of the revaluation until Sarah Mazur informed them by phone in July of 1990 after Mazur received her tax bill in July of 1990. The plaintiffs argue that since their appeal to the Superior Court was commenced on July 5, 1991, the appeal was within one year of when they received actual notice of the reassessment. Therefore, the plaintiffs argue that their appeal should be allowed despite it being brought more than one year after the challenged revaluation.
The Court finds that notice of the revaluation is not the triggering event for the appeal period under General Statutes 12-119.[2]
 When it has been claimed that. . .a tax laid on property was computed on an assessment which, under all the circumstances, was manifestly excessive and could not have been arrived at except by disregarding the provisions of the statutes for determining the valuation of such property, the owner thereof. . .may, CT Page 1029 in addition to the other remedies provided by law, make application for relief to the superior court for the judicial district in which such town or city is situated. Such application may be made within one year from the date as of which the property was last evaluated for purposes of taxation. . . .
General Statutes 12-119.
In interpreting the predecessor statute to General Statutes 12-119, the court in Connecticut Light Power Co. v. Oxford, 101 Conn. 383, 389, 126 A. 1 (1924) held that an:
 action under the statute is to be taken within one year from the time when the tax becomes due. . . .The remedy provided is directed toward one thing only, an existing tax; the time during which the remedy can be invoked is definitely one year.
The clear language of the statute and the relevant case law shows that the appeal period for aggrieved persons under General Statutes 12-119 is one year from the date of the revaluation that the aggrieved parties challenge. In the instant case, said revaluation was effective on October 1, 1989. The plaintiffs in the instant case had one year from that date to appeal the revaluation to the Superior Court. They commenced the appeal on July 5, 1991, approximately one year and ten months from the revaluation. Thus, the second count in the plaintiffs' complaint is untimely.
However, the statutory limit of General Statutes12-119 is procedural, not jurisdictional and bringing an untimely action under the statute does not constitute a flaw in the subject matter jurisdiction of the court. L.G. DeFelice Son, Inc. v. Wethersfield, 167 Conn. 509, 513,356 A.2d 144 (1975). Therefore, the Court has subject matter jurisdiction over the cause of action set forth in the second count and therefore the defendants' motion to dismiss the second count is hereby denied.
CONCLUSION CT Page 1030
The Court hereby denies the defendants' motion to dismiss counts one and three of the plaintiffs' complaint because both parties have submitted affidavits in support of and in opposition to the motion to dismiss which raise a factual dispute. The Court orders an evidentiary hearing to resolve this dispute.
The Court denies the defendants' motion to dismiss the second Count of the plaintiffs' complaint because, although the cause of action in the second Count is untimely, this defect does not affect the subject matter jurisdiction of the Court.
HURLEY, J.