[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON STATUTE OF LIMITATIONS AND MOTION FORSUMMARY JUDGMENT
I. Factual and Procedural Background
On August 5, 1991, Michael Grenier, the defendant, allowed Thomas DiBenedetto, the plaintiff, to operate Grenier's motorcycle. While operating the motorcycle, DiBenedetto lost control, was thrown from the motorcycle, sustained physical injuries and damaged Grenier's motorcycle.
On or about July 13, 1993, Grenier filed a small claims action against DiBenedetto in which he sought compensation for the damage to his motorcycle. DiBenedetto filed his answer in which he admitted that he lost control of the motorcycle just before the accident occurred, but contended that the accident was Grenier's fault because he knew or should have known that DiBenedetto did not have the skill to operate the CT Page 1316-F motorcycle. Thus, DiBenedetto denied any responsibility for the damage to the motorcycle.
On October 15, 1993, DiBenedetto and Grenier both appeared before the Honorable Magistrate Waterman at the Superior Court Small Claims Session G.A. 17 in Bristol, Connecticut. Both parties gave testimony during a full hearing and the court found judgment in favor of Grenier, thereby rejecting DiBenedetto's defense. DiBenedetto was ordered to pay $1,300.00 to Grenier in damages.
By a complaint dated September 15, 1993, DiBenedetto instituted an action against Grenier at the Superior Court in New Britain (Docket Number CV 93-0458339S). Grenier filed a Motion to Dismiss on October 17, 1993 claiming that he was not properly served. The court (Berger, J.) granted the Motion to Dismiss. DiBenedetto then moved for a rehearing on December 8, 1993 to which Grenier objected. The court (Berger, J.) sustained Grenier's objection on May 23, 1994.
DiBenedetto filed a complaint initiating this present CT Page 1316-G action on or about June 7, 1994 pursuant to § 52-592(a) of the Connecticut General Statutes. He is claiming to have suffered neck and back injuries as a result of the August 5, 1991 accident and contends that Grenier is liable because he knew or should have known that DiBenedetto was too inexperienced to operate the motorcycle properly. This is the same assertion which was rejected by the Honorable Magistrate Waterman of the Superior Court, Small Claims session in Bristol, Connecticut.
On September 13, 1994, Grenier filed an Answer to DiBenedetto's complaint in which he set forth the special defense of res judicata. On October 18, 1994 he filed an Amended Answer and special defense claiming that DiBenedetto's action is barred by the doctrines of res judicata and collateral estoppel. DiBenedetto has denied the special defenses.
According to § 52-584 of the Connecticut General Statutes, there is a two year Statute of Limitations on personal injury cases. It appears that this action, on its face, being initially filed on September 15, 1993, extends beyond the two year period imposed by this statute. Neither side had CT Page 1316-H addressed the issue of the Statute of Limitations until it was raised sua sponte by the court.
II. Discussion
A. The general rule is that a statute of limitations defense must be specially pleaded. Practice Book § 164. However, the Connecticut Supreme Court has recognized that there are certain occasions in which the trial court may raise a statute of limitations issue which has not been raised by the parties. L.G. DeFelice Son, Inc. v. Wethersfield, 167 Conn. 509,356 A.2d 144 (1975). If the statutory bar is considered personal and procedural, it must be specially pleaded or else it is deemed waived. Travelers Indemnity Co. v. Rubin,209 Conn. 437, 551 A.2d 1220 (1988). If, however, the statutory bar is considered substantive or jurisdictional, the trial court may properly raise the statute of limitations sua sponte because the statute is jurisdictional and not subject to waiver. Id.
at 1225.
A statutory bar is considered personal and procedural CT Page 1316-I "where the right of action exists independently of the statute in which the limitation is found." Id. at 1225. "This is so because it is considered that the limitation merely acts as a bar to a remedy otherwise available." DeFelice, 167 Conn. 509,356 A.2d 144 (1975). Conversely, a statutory bar is jurisdictional where it is contained in the statute which establishes the remedy. Travelers Indemnity Co., 209 Conn. 437,551 A.2d 1220 (1988).
Section 52-584 of the Connecticut General Statutes,Limitation of action for injury to person or property, stands by itself, independent of the remedy otherwise available. Its purpose is to prevent recovery in situations where actions are lot brought forth within two years. Therefore, it is considered personal and procedural and must be pleaded by a special defense. Neither party raised this statute as an issue and therefore, it is waived. Consequently, the issue of whether or not summary judgment should be granted in this case must be considered.
B. The doctrine of res judicata establishes that a CT Page 1316-J former judgment may serve as an absolute bar to a subsequent action involving claims which were actually litigated or which might have been litigated in the original cause of the action.Scalzo v. Danbury, 224 Conn. 124, 127 (1992). Similarly, the doctrine of collateral estoppel establishes that relitigation in a second proceeding between the same parties of issues already determined in a previous action is not permitted.Rawling v. New Haven, 206 Conn. 100, 110 (1988). Both defenses depend on the existence of a valid final judgment in order to be successful in barring litigation. Hughes v. Bemer,206 Conn. 491, 494-495 (1988); Telesco v. Telesco, 187 Conn. 712,719 (1982). It is widely recognized that the judgments rendered in a small claims session are final. General Statutes § 51-197a. The Connecticut Practice Book § 581 states that "Except as provided in Sec. 584, the judgments and decisions rendered in the small claims session are final and conclusive."[1]
The doctrines of res judicata and collateral estoppel preclude claims or issues which have been decided in small claims court from being re-litigated in Superior Court.Orselete v. DeMatteo, 206 Conn. 542, 549, 539 A.2d 95 (1988). CT Page 1316-K In Orselete v. DeMatteo, a case which arose from a car accident, the plaintiff brought an action in small claims court for car rental expenses. The plaintiff also brought a subsequent action in Superior Court claiming damages to her automobile and damages for the loss of use of her car. While the case was still pending in Superior Court, plaintiff obtained a judgment of $395.45 in the Small Claims Court. The trial court rendered judgment for the defendant "on the grounds that the small claims action resulted in a final judgment on the same cause of action, and therefore, this matter is barred by res judicata."206 Conn. 542, 543, 539 A.2d 95, 96 (1988). On appeal, the Supreme Court of Connecticut upheld the trial court's decision.
Similarly, in the case at hand, judgment was rendered in defendant Grenier's favor by Magistrate Waterman at Small Claims Court. At the hearing, plaintiff DiBenedetto raised a defense which stated that Grenier was to blame for the accident because he allowed DiBenedetto to operate the motorcycle although he knew or should have known that DiBenedetto was not skilled enough to do so. This defense was heard, yet judgment went in favor of Grenier. Now DiBenedetto uses this same CT Page 1316-L assertion as the basis for the present claim. However, because judgment was already rendered on this issue, DiBenedetto is barred by collateral estoppel from raising it again. Additionally, because DiBenedetto uses this issue as the sole basis of his claim, he is also barred by res judicata.
Summary judgment is an appropriate decision "if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Practice Book § 384. A party's motion for summary judgment is "properly granted if it raises at least one legally sufficient defense that would bar the [opposing party's] claim and involves no triable issue of fact." Perille v. Raybestos-Manhattan-Europe,Inc., 196 Conn. 529, 543, 494 A.2d 555 (1985). In deciding a motion for summary judgment, the trial court "must view the evidence in the light most favorable to the non-moving party." Connell v. Colwell, 214 Conn. 242, 247, 571 A.2d 116
(1990).
Plaintiff DiBenedetto had an opportunity to litigate CT Page 1316-M the claims which are the subject of this action in the previous action. Defendant Grenier raised the defenses of res judicata and collateral estoppel in response to this action. These are legally sufficient defenses and as such, bar the plaintiff's claim. Accordingly, the motion for summary judgment is granted.
SUSAN B. HANDY JUDGE, SUPERIOR COURT