[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION TO DISMISS (ENTRY NO. 101)
On December 22, 1995, the plaintiff, Joan Miller, filed a one count complaint in fraudulent conveyance against the defendants, Dwight Berry, Ronald Harris and Sheina Harris. The plaintiff alleges that Berry and Ronald Harris each owned a half interest in 1488-1490 Park Avenue, Bridgeport, Connecticut; that on May 21, 1991, Berry conveyed his interest in the property to Ronald Harris; that on May 21, 1991, Ronald Harris conveyed the half CT Page 4109-PPP interest previously owned by Berry to Sheina Harris; that the purpose of these conveyances was to prevent the plaintiff from satisfying the $25,000 judgment she had received against Berry in another action.
On January 26, 1991, Ronald Harris filed a motion to dismiss the action for lack of subject matter jurisdiction and for lack of personal jurisdiction. The plaintiff filed a memorandum of law in opposition to Ronald Harris' — motion to dismiss on February 8, 1996.
"A motion to dismiss . . . `properly attacks the jurisdiction of the court, essentially asserting that the plaintiff cannot as a matter of law and fact state a cause of action that should be heard by the court.'" (Emphasis in original.) Gurliacci v.Mayer, 218 Conn. 531, 544, 590 A.2d 914 (1991). "A motion to dismiss tests, inter alia, whether on the face of the record, the court is without jurisdiction." Upson v. State, 190 Conn. 622,624, 461 A.2d 991 (1983). Practice Book § 143 provides in part that a "motion to dismiss shall be used to assert (1) lack of jurisdiction over the subject matter, (2) lack of jurisdiction over the person, (3) improper venue, (4) insufficiency of process, and (5) insufficiency of service of process." "Subject matter jurisdiction is the power of the court to hear and determine cases of the general class to which the proceedings in question belong." CT Page 4110Tolly v. Department of Human Resources, 225 Conn. 13, 29,621 A.2d 719 (1993).
Harris argues that the court lacks subject matter jurisdiction because the action was not brought within four years under General Statutes § 52-552; that the conveyances alleged actually occurred on September 4 and 6, 1990; that the prior action was withdrawn as to Ronald and Sheina Harris, therefore, the Harris' cannot be held liable for a judgment against a third party; that the plaintiff acknowledged the conveyance on August 20, 1991, and on January 10, 1992, thereby showing the validity of the transfer. The plaintiff maintains that any issues regarding personal jurisdiction have been waived, that the statute of limitations relied on by Harris is inapplicable, and that the other arguments are a collateral attack on the previous action.
Harris filed his appearance on December 22, 1995, and his motion to dismiss on January 26, 1996. Therefore, Harris has waived any claims of lack of jurisdiction over the person pursuant to Practice Book § 144.
Harris claims that the court lacks subject matter jurisdiction because the plaintiff's action is barred by the statute of limitations.
"As a general rule, if a statute creates a cause of action that did not exist at common law, the period established for bringing the cause of action is a limitation of the liability itself, and not of the remedy alone. . . . In such a case, if a plaintiff has failed to comply with the limitation period, a court should dismiss the action for lack of subject matter jurisdiction. . . . If, however, an action is barred by a statute of limitations that does not inhere in the action itself, the remedy is not a dismissal but a judgment for the party asserting the bar." (Citations omitted.) Wilson v. Kelley, 224 Conn. 110, 123,617 A.2d 433 (1992). "Generally, limitations on actions . . . are considered procedural or personal and thus subject to waiver. . . . This is so because it is considered that the limitation merely acts as a bar to a remedy otherwise available. . . . Such is not considered to be the case, however, where a specific limitation is contained in the statute which establishes the remedy. Here the remedy exists only during the prescribed period and not thereafter. . . . In such situations the Statute of Limitations is considered substantive or jurisdictional rather than procedural or personal. . . ." (Internal quotation marks omitted.) L.G. DeFenceCT Page 4111 Son, Inc. v. Wethersfield, 167 Conn. 509, 511, 356 A.2d 144
(1975).
Harris contends that the plaintiff's cause of action is barred by the four year statute of limitations contained within General Statutes § 52-552j which provides in pertinent part that "[a] cause of action with respect to a fraudulent transfer or obligation under sections 52-552a to 52-5521, inclusive, is extinguished unless action is brought . . . within four years after the transfer or obligation was made or the obligation was incurred. . . ."
Section 52-552j provides for a specific limitation with the statute and, therefore, implicates subject matter jurisdiction. Section 52-552j was enacted by Public Act 91-297, which also repealed General Statutes § 52-552. Harris has provided copies of the deeds transferring the property in question, which are dated September 4 and 6, 1990. On those dates the statute in effect was § 52-552, which provided that "[a]ll fraudulent conveyances, suits, judgments, executions or contracts, made or contrived with intent to avoid any debt or duty belonging to others, shall, notwithstanding any pretended consideration therefor, be void as against those persons only, their heirs, executors, administrators or assigns, to whom such debt or duty belongs."
Section 52-552 did not contain a limitation upon the cause of action itself; therefore, any applicable statute of limitations is personal or procedural, not subject matter jurisdictional. Furthermore, the other arguments raised by Harris relate to his liability on the plaintiff's action, do not address the power of this court to hear the cause of action, and are not properly considered on a motion to dismiss. Accordingly, Harris' motion to dismiss is denied.
WEST, J. CT Page 4112