[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The apportionment-defendant, Alan C. Ringstone, moves to dismiss the apportionment complaint filed by the original defendant and apportionment-plaintiff, Pamela Boothroyd, in this motor vehicle accident case.
The plaintiff in the underlying action, Raymond Wheaton, sued Boothroyd by way of a complaint with a return date of September 21, 1999. Boothroyd attempted to bring an apportionment complaint against Ringstone, but that first apportionment complaint was dismissed on March 20, 2000, Klaczak,J., for a late return of service. On April 6, 2000, Boothroyd served Ringstone with a second apportionment complaint. On July 26, 2000, Ringstone moved to dismiss this second apportionment complaint because it was served after the 120 day time limit for such complaints under General Statutes § 52-102b. CT Page 12187
This motion to dismiss presents the issue of whether the accidental failure of suit statute, General Statutes § 52-592, allows resurrection of apportionment complaints. The court concludes that §52-592 is unavailable to revive such apportionment complaints.
The language of § 52-592 supports this position. Subsection (a) of § 52-592 permits the "plaintiff" to commence a second action where a first action fails for certain listed reasons. Subsection (d) of that statute extends its availability to certain defendants, viz, in cases where a cross complaint or claim against the original plaintiff has been brought. It omits any reference to apportionment actions.
A large majority of trial courts have ruled that the 120 day time period of § 52-102b is jurisdictional, mandatory, and unwaivable,Ortiz v. Bridgeport Hospital, Superior Court, New London J.D., d.n. 547104 (February 24, 2000), Corradino, J. In that case, the trial court held that the accidental failure of suit statute is inapplicable to apportionment complaints.
Section 52-102b acts to create apportionment between tortfeasors which was unknown to our common law. It provides a specific time limit in which to act and suspends the usual statute of limitations during that period. Statutes which abrogate the common law are strictly construed, Alvarezv. New Haven Register, Inc., 249 Conn. 709, 715 (1999). Where a statute creates a new right of action and contains a time limit in which to commence such an action, that time period is substantive and mandatory,L.G. DeFelice Sons, Inc. v. Wethersfield, 167 Conn. 509, 512 (1975).
Consequently, the court concludes that the 120 day time for service of an apportionment is jurisdictional. The failure to properly serve Ringstone within that period deprives the court of subject matter jurisdiction to address the apportionment complaint, and the accidental failure of suit statute is unavailable to resurrect that claim.
The motion to dismiss is granted.
 ___________________, J. Sferrazza
CT Page 12188