[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The defendants move for summary judgment in this civil action, brought pursuant to the accidental failure of suit statute; General Statutes § 52-592; on the basis that the action has not been brought within the applicable statute of limitations. Admittedly, the action was brought well beyond the statute of limitations. The gravamen of the defendants' claim is that the prior action, which suffered a disciplinary dismissal, did not fail because of "any matter of form," within the ambit of the accidental failure of suit statute, General Statutes §52-592.
The defendants rely largely on the following. First, after the prior action was brought in 1992, the plaintiff answered the discovery requests of one of the defendants, Clements, only after a motion for order of compliance had been granted by the court. Second, the action was dismissed as dormant on October 31, 1996. See Practice Book § 251, now Practice Book (1998 Rev.) §14-3. Thereafter, the plaintiff moved to set aside the dismissal. Third, after the dismissal but while the motion to set aside was pending, the court (Silbert, J.) ordered all counsel, as well as the plaintiff herself, to appear for a settlement conference. CT Page 5133 An associate from the office of the plaintiff's counsel appeared and represented that the senior partner in the firm, John Williams, had advised him that the plaintiff's presence was not necessary because she was unwilling to settle the case. Nonetheless, Judge Silbert himself subsequently granted the plaintiff's motion to set aside the dormancy dismissal.
The fourth transgression sounded the death knell of the prior action. On October 2, 1997, all parties were ordered to appear at a pretrial conference at 3:00 P.M. on October 15, 1997. The purpose of the pretrial conference was to choose a trial date. The notice warned that "[f]ailure to attend will result in entry of dismissal." None of the parties requested a continuance of the pretrial date. On October 15, 1997, two of the six lawyers in the office of the plaintiff's attorneys were away on vacation. The other four were on trial. One of those four, attorney Diane Polan, was on trial in a domestic relations case on another floor of the courthouse. She was to cover the pretrial. Her affidavit states:
 8. . . . Unfortunately, that case did not conclude until almost 5:00 P.M. 9. Because I was on trial, I missed the Delahunty status conference at 3:00 P.M. As I stated in the Motion to Reopen filed in the underlying case, I did not realize I had missed the status conference until I returned to the office at approximately 6:00 P.M.
Because of the plaintiff's failure to attend the conference on October 15, 1997, the case was dismissed. The plaintiff's motion to open the dismissal was denied by the court. No appeal was taken by the plaintiff. This action followed.
General Statutes § 52-592 provides in subsection (a): "If any action, commenced within the time limited by law, has failed one or more times to be tried on its merits because of insufficient service or return of the writ due to unavoidable accident or the default or neglect of the officer to whom it was committed, or because the action has been dismissed for want of jurisdiction, or the action has been otherwise avoided or defeated by the death of a party or for any matter of form . . . the plaintiff . . . may commence a new action . . . for the same cause at any time within one year after the determination of the original action or after the reversal of the judgment." (Emphasis added.) CT Page 5134
The original intent behind the phrase "any matter of form" has long been lost or disposed of and the meaning now ascribed to it is also completely untethered to any common, contemporary understanding of the phrase. See generally 17 Words Phrases (Perm. Ed. 1958) pp. 546-549. "While it has been said, in relation to a predecessor of § 52-592, that `[t]he phrase, "any matter of form," was used in contra-distinction to matter of substance, as embracing the real merits of the controversy between the parties'; Johnston v. Sikes, 56 Conn. 589, 592
(Conn.Super. 1888) (decision by Justice Loomis, sitting in the Superior Court); [the Supreme Court has] never expressly adopted such a distinction to control the application of the accidental failure of suit statute. Thus, [the Court] stated in Hughes v. Bemer,
[206 Conn. 491, 494-95, 538 A.2d 703 (1988)] that § 52-592
`does not authorize the reinitiation of all actions not "tried on . . . [their] merits," only those that have failed for, among other reasons, "any matter of form."'" Lacasse v. Burns,214 Conn. 464, 472-73, 572 A.2d 357 (1990).[1]
In Ruddock v. Burrowes, 243 Conn. 569, ___ A.2d ___ (1998), the court gave some guidance as to when an action under §52-592 could be brought following a disciplinary dismissal. Said the court: "Disciplinary dismissals do not, in all cases, demonstrate the occurrence of misconduct so egregious as to bar recourse to § 52-592. Cf. Skibeck v. Avon, 24 Conn. App. 239, 242-43,587 A.2d 166, cert. denied, 219 Conn. 912, 593 A.2d 138 (1991)." Id., 576. The court explained that "[a] trial court, for example, might find an attorney's misconduct to be egregious if the attorney represented that his nonappearance was caused by difficulties with his car without disclosing that he had ready access to alternative transportation. A trial court might make a similar finding if, in one case, the attorney repeatedly, and without credible excuse, delayed scheduled court proceedings. Nonappearances that interfere with proper judicial management of cases, and causes serious inconvenience to the court and to opposing parties, are categorically different from a mere failure to respond to a notice of dormancy pursuant to Practice Book § 251; see Lacasse v. Burns, [214 Conn. 464, 474,572 A.2d 357 (1990)]; or a single failure to appear, in a timely fashion, after a luncheon recess. See Gionfrido v. Wharf Realty, Inc.,
[193 Conn. 28, 34 n. 6, 474 A.2d 787 (1984)]." Id., 576 n. 12.
"To enable a plaintiff to meet the burden of establishing the right to avail himself or herself of the statute, a plaintiff CT Page 5135 must be afforded an opportunity to make a factual showing that the prior dismissal was a `matter of form' in the sense that the plaintiff's noncompliance with a court order occurred in circumstances such as mistake, inadvertence or excusable neglect. See General Statutes § 52-212." Ruddock v. Burrowes, supra,243 Conn. 576-77. Dropping a footnote, the court then stated that General Statutes § 52-212, the statute governing the opening of nonsuits and default judgments, "has language resembling our construction of § 52-592 (a)." (Emphasis added.) Id., 577 n. 13. "Resemble" is synonymous with "similar." American Heritage Dictionary (2d Col. Ed. 1985), p. 1051; Webster's Dictionary (7th Col. Ed. 1971). "While the word `similar' has at times been construed as synonymous with `same' or `identical' its usual significance is that contained in Webster's New International Dictionary (2d Ed.): `Nearly corresponding; resembling in many respects; somewhat like; having a general likeness.' The word as ordinarily used implies an allowance for some degree of difference. McLaughlin v. Poucher, 127 Conn. 441, 446,17 A.2d 767." Proctor v. Sachner, 143 Conn. 9, 14, 118 A.2d 621 (1955); see Connecticut Alcohol Drug Abuse Commission v. FOIC,233 Conn. 28, 41-42, 657 A.2d 630 (1995). Moreover, where the Connecticut Supreme Court has sought to construe a statute by reading into it the provisions of another statute, it has done so explicitly. See, e.g., In re Juvenile Appeal (83-CD),189 Conn. 276, 289, 455 A.2d 1313 (1983) (reading the provisions of General Statutes [Rev. to 1981] § 17-38a into General Statutes §46b-129[b]). This court does not construe the opinion in Ruddock
as laying down a bright line rule. Rather, Ruddock suggests a continuum. At one extreme, an action under § 52-592 may be based on the dismissal of a prior action due to mistake, inadvertence or excusable neglect. At the other extreme, there is "egregious" misconduct. Ruddock v. Burrowes, supra, 243 Conn. 576
n. 12.
This case falls between those two extremes. Since the plaintiff's motion to open the dismissal of her prior action was denied by the court, and since no appeal was taken from that action, it is settled that the prior dismissal was not caused by accident, mistake or other reasonable cause, within the ambit of General Statutes § 52-212.[2] However, a review of the file fails to reflect that the plaintiff's "attorney repeatedly, and without credible excuse, delayed scheduled court proceedings."Ruddock v. Burrowes, supra, 243 Conn. 576 n. 12. One dormancy dismissal and one late but complete discovery compliance CT Page 5136 generally ought not, alone, be a predicate for a finding of "egregious" misconduct which would finally deny a litigant her day in court. Nor can the plaintiff's failure to attend a settlement conference after her case was dismissed and no longer pending — as unadvisable as that was — alter this finding. Nor have the defendants made a "showing," as opposed to a claim, of material prejudice.
The court finds that in "seeking to do justice for their clients," the failure of the plaintiff's attorneys to "accommodate the schedules of numerous trial courts"; Ruddock v.Burrowes, supra, 243 Conn. 579 (Berdon and Katz, Js.,dissenting); did not rise to the level of egregious misconduct. The failure of Attorney Polan to attend the status conference or to apprise the court of her unavailability was due to simple negligence. While cumulatively, the transgressions of the plaintiff's attorneys bring this case close to the line, they do not yet warrant the drastic sanction of finally denying the plaintiff her day in court. For this reason, the motions for summary judgment are denied.
BY THE COURT
Bruce L. LevinJudge of the Superior Court