[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: DEFENDANTS' MOTION FOR SUMMARY JUDGMENT
 I. BACKGROUND
This case was originally filed by the plaintiffs, Arthur and Elsie Freeman, on September 19, 1995 against the defendants, Ryder Truck Rental, Inc., Sealy Connecticut, Inc., Timothy King, Clayton McCarthy, Connecticut Hospital Management Corp. and Joseph Lionetti. According to the plaintiffs' original and subsequent amended complaints, the plaintiff, Arthur Freeman, was driving a vehicle on Interstate Route 95 in Groton, Connecticut, traveling northbound. The plaintiff, Elsie Freeman, was a passenger in said vehicle. The defendant, King, allegedly lost control of the tractor trailer truck that he was driving and jack-knifed, causing the plaintiffs' vehicle to collide into the defendant's truck. As a result of this accident, the plaintiff, Elsie Freeman, allegedly suffered substantial physical injuries and financial losses.
The complaint alleges that this accident occurred on or about September 9, 1993. Until the present motion for summary judgment, no defendant has raised the issue of the expiration of the statute of limitations, although from the face of the plaintiffs' complaint, it appears as if the two year negligence statute of limitations was expired at the time the pleadings were served on the defendants, which, according to the sheriff's return, was either on or after September 12, 1995.
The court finds the following procedural facts to be of significant relevance. After a dormancy dismissal pursuant to Practice Book § 14-3, dated December 27, 1996, the plaintiffs CT Page 2046 filed a motion to reopen the file, which was granted by the clerk on April 18, 1997. Thereafter, the plaintiffs filed a fourth amended complaint. The defendants, McCarthy and Connecticut Hospital Management, Inc., filed a request to revise this complaint on August 6, 1997. The defendants, Ryder, Sealy and King, also filed a request to revise the same complaint on November 17, 1997. In response, the plaintiffs filed a fifth amended complaint on December 12, 1997. On this same day, the case was again dismissed for dormancy, pursuant to Practice Book § 14-3.
On February 11, 1998, the plaintiffs filed a motion to reopen the file, which was granted by the court (Handy, J.) on March 3, 1998, with the condition that the plaintiffs must claim the case to the trial list within sixty days (by May 2, 1998).
In an effort to close the pleadings so as to then claim the case to the trial list, the plaintiffs filed a motion for default for failure to plead against all defendants on March 26, 1998, since none of the defendants had responded to the plaintiffs' fifth amended complaint. Each defendant filed an immediate objection, claiming that since the plaintiffs never objected to the requests to revise, the requested revisions were deemed granted by the court, pursuant to Practice Book § 10-35. The defendants contended that since they had not yet received an amended complaint, they were under no duty to plead any further. Apparently, none of the defendants had received a copy of the plaintiffs' fifth amended complaint, dated December 12, 1997. The court (Handy, J.) sustained the objections of the defendants, with the condition that the plaintiffs file a revised complaint by May 5, 1998 if one had not already been filed. The plaintiffs then delivered copies of their December 12, 1997 complaint to all defendants.
The defendants, Ryder, Sealy and King, admittedly received a copy of the December 12, 1997 complaint on April 1, 1998. Pursuant to Practice Book § 10-8, they had fifteen days (or until April 16, 1998) to file a response. On April 7, 1998, prior to the expiration of this period, these defendants filed a motion for extension of time to respond to the revised complaint, which was granted by the court (Handy, J.) on April 21, 1998. Pursuant to this order, the court gave the defendants until May 21, 1998 to file a response.
On May 12, 1998, the defendants, McCarthy and Connecticut CT Page 2047 Hospital Management, Inc., filed a motion for entry of non-suit with prejudice, pursuant to Practice Book § 14-3 (formerly § 251) on the ground that the plaintiffs had failed to comply with the court's order of March 3, 1998 by not claiming the case to the trial list within sixty days. This court granted the motion for non-suit with prejudice on September 8, 1998. On May 13, 1998, the defendant Lionetti also filed a similar motion for entry of non-suit on the same grounds.
The plaintiffs filed a motion to reconsider the granting of the non-suit and to reopen the case, which was denied on October 14, 1998 by this court. The plaintiffs then filed a motion for reconsideration and restoration to the docket with oral argument on December 7, 1998, which this court granted on January 11, 1999. On March 4, 1999, however, this court entered the following order: "Non-suits granted as to defendants, Clayton McCarthy and Connecticut Hospital Management Corp. are confirmed as of this date after hearing. Non-suit filed by the defendant Joseph Lionetti is granted. No other defendants have filed a motion for non-suit. The case is still pending as to Ryder truck Rental Inc., Sealy Connecticut, Inc. and Timothy king." On March 24, 1999, the plaintiffs filed a notice of intent to appeal the two judgments of non-suit. As to these defendants, no further action has since been taken.
Subsequently, the remaining defendants, Ryder, Sealy and King, filed a motion for non-suit with prejudice on June 14, 1999, which this court granted on July 29, 1999.
The present action was filed by the plaintiff, Elsie Freeman, on November 3, 1999, and is brought against only the defendants, Ryder, Sealy and King, pursuant to General Statutes § 52-592. The defendants filed a motion for summary judgment on January 10, 2000, on the grounds that the plaintiff has failed to meet the requirements of § 52-592 (a) and that this action is also barred by the applicable two year statute of limitations. The plaintiff filed an objection on January 14, 2000 and a memorandum of law in support.
 II. DISCUSSION
"Summary judgment shall be rendered forthwith if the pleadings, affidavits and other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." (Internal quotation CT Page 2048 marks omitted.) Alvarez v. New Haven Register, Inc.,249 Conn. 709, 714, 735 A.2d 306 (1999)."In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party. . . . The test is whether a party would be entitled to a directed verdict on the same facts." (Internal quotation marks omitted.) Serrano v.Burns, 248 Conn. 419, 424, 727 A.2d 1276 (1999).
"The party seeking summary judgment has the burden of showing the absence of any genuine issue [of] material facts which, under applicable principles of substantive law, entitle him to a judgment as a matter of law; . . . and the party opposing such a motion must provide an evidentiary foundation to demonstrate the existence of a genuine issue of material fact." (Citation omitted; internal quotation marks omitted.) Rivera v. DoubleA Transportation. Inc., 248 Conn. 21, 24, 727 A.2d 204
(1999). "It is not enough, however, for the opposing party merely to assert the existence of such a disputed issue. Mere assertions of fact . . . are insufficient to establish the existence of a material fact and, therefore, cannot refute evidence properly presented to the court [in support of a motion for summary judgment]." (Internal quotation marks omitted.) Maffucci v.Royal Park Ltd. Partnership, 243 Conn. 552, 554-55,707 A.2d 15 (1998).
The plaintiff has filed the present complaint pursuant to §52-592, the savings statute. This statute provides, in relevant part: "(a) If any action, commenced within the time limited by law, has failed one or more times to be tried on its merits because . . . the action has been otherwise avoided or defeated . . . for any matter of form;. the plaintiff, . . . may commence a new action, . . . for the same cause at any time within one year after the determination of the original action or after the reversal of the judgment.", (Emphasis added.) General Statutes § 52-592 (a).
The plaintiff contends that she failed to claim the initial matter to the trial list by May 2, 1998 because subsequent to that order, the court granted the defendants' motion for extension of time to plead, and permitted them to file an answer to the plaintiffs' complaint by May 21, 1998. As such, the plaintiffs were arguably unable to close the pleadings and claim the case to the trial list by May 2, 1998. The plaintiff in the instant action contends that she should be permitted to bring the present action pursuant to § 52-592 (a) since the non-suits CT Page 2049 pursuant to § 14-3 constituted a "dismissal" within the purview of subsection (a) "for any matter of form."
Practice Book § 14-3 provides, in relevant part: "If a party shall fail to prosecute an action with reasonable diligence, the judicial authority may, after hearing, on motion by any party to the action pursuant to Section 11-1, or on its own motion, render a judgment dismissing the action with costs." The Connecticut Supreme Court has stated that "in appropriate cases, a dismissal entered pursuant to [Practice Book § 14-3] would not bar a subsequent action brought under the authority of § 52-592." Ruddock v. Burrowes, 243 Conn. 569, 576,706 A.2d 967 (1998); see also Lacasse v. Burns,214 Conn. 464, 472, 572 A.2d 357 (1990).
"In cases where [the court has] either stated or intimated that the `any matter of form' portion of § 52-592 would not be applicable to a subsequent action brought by a plaintiff, [the court has] concluded that the failure of the case to be tried on the merits had not resulted form accident or even simple negligence." Lacasse v. Burns, supra, 214 Conn. 473. "The fact that courts have allowed plaintiffs access to §52-592 (a) in some cases involving § [14-3] dismissals does not mean that [the court] must allow recourse to the statute if the attorney's misconduct is egregious." Ruddock v.Burrowes, supra, 243 Conn. 576 n. 11. "The [trial] court must determine whether the party's diligence falls within the `reasonable' section of the diligence spectrum;" Lacasse v.Burns, supra, 214 Conn. 474; such that the plaintiff should be allowed to file a new action pursuant to § 52-592.
The Connecticut Supreme Court has noted that although §52-592 (a) is remedial in nature and, therefore, warrants a broad construction, the court is also saddled with the additional concern of caseflow management of a crowded docket. SeeRuddock v. Burrowes, supra, 243 Conn. 575. "Our judicial system cannot be controlled by the litigants and cases cannot be allowed to drift aimlessly through the system. . . . In the event of noncompliance with a court order, the directives of caseflow management authorize trial courts, in appropriate circumstances, to take action against either the errant attorney or the litigant who freely chose the attorney." (Citations omitted; internal quotation marks omitted.) Id., 575.
"To enable a plaintiff to meet the burden of establishing the CT Page 2050 right to avail himself or herself of the statute, a plaintiff must be afforded an opportunity to make a factual showing that the prior dismissal was a `matter of form' in the sense that the plaintiff's noncompliance with a court order occurred in circumstances such as mistake, inadvertence or excusable neglect." Id., 576-77. The court then noted that section 52-592
(a) "affords no relief in cases in which a plaintiff's prior action was dismissed because the plaintiff withdrew it voluntarily; . . . or consented to its dismissal. Such consent may be inferred from a plaintiff's failure to file a memorandum in opposition to a defendant's motion to strike; . . . or from a plaintiff's inordinate delay in appointing an administrator or executor." (Citations omitted.) Id., 577-78.
"A trial court, for example, might find an attorney's misconduct to be egregious if the attorney represented that his nonappearance was caused by difficulties with his car without disclosing that he had ready access to alternative transportation. A trial court might make a similar finding if, in one case, the attorney repeatedly, and without credible excuse, delayed scheduled court proceedings. Nonappearances that interfere with proper judicial management of opposing parties, are categorically different from a mere failure to respond to a notice of dormancy pursuant to Practice Book § 251; seeLacasse v. Burns, supra, 214 Conn. 474; or a single failure to appear, in a timely fashion, after a luncheon recess. See Gionfrido v. Wharf Realty, Inc., [193 Conn. 28, 34
n. 6, 474 A.2d 787 (1984)]." Id., 576 n. 12.
Ultimately, the court in Ruddock v. Burrowes, supra,243 Conn. 569, determined that the plaintiffs' failure to appear at a pretrial conference may constitute "excusable neglect" so as to permit filing a cause of action under § 52-592. The case was remanded to the Appellate Court with direction to remand the case to the trial court for further factual findings to determine the circumstances of the plaintiffs' claimed justification for nonappearance at the pretrial conference.
Since this decision, judges of the superior court have had the opportunity to decide whether particular factual circumstances justify allowing a plaintiff to maintain a cause of action pursuant to § 52-592 (a). Some judges of the superior court have determined that particular actions or nonactions of the plaintiffs do not operate as a bar to future suit pursuant to § 52-592 (a). See Morande Bros., Inc. v. MazdaCT Page 2051Motors, Superior Court, judicial district of Hartford at Hartford, Docket No. 576027 (October 29, 1998, Peck, J.) (holding that where the plaintiff's delay in prosecuting was not due to neglect by the plaintiff, but rather, a motion to stay filed by the defendant, § 52-592 operated to save the plaintiff's case); Delahunty v. Massachusetts Mutual LifeIns. Co., Superior Court, judicial district of New Haven at New Haven, Docket No. 408550 (April 28, 1998, Levin, J.) (22 Conn. L. Rptr. 69, 70) ("one dormancy dismissal and one late, but complete, discovery compliance generally ought not, alone, be a predicate for a finding of `egregious' conduct which would finally deny a litigant her day in court. Nor can the plaintiff's failure to attend a settlement conference after her case was dismissed and non longer pending — as unadvisable as that was — alter this finding").
Other judges have determined, however, that § 52-592 may bar a plaintiff's future suit where there has been a pattern of severe misconduct or failure to comply with court orders. InGillum v. Yale University, Superior Court, judicial district of New Haven at New Haven, Docket No. 409666 (December 23, 1998, Blue, J.) the plaintiffs' original action was dismissed three times for disciplinary reasons, the last of which was due to missing a pretrial conference. The plaintiffs filed two motions to reopen, which the court denied. The plaintiffs proceeded to file a complaint pursuant to § 52-592. The defendants contended that § 52-592 did not offer protection to these plaintiffs and filed a motion to dismiss, which the court treated as a motion for summary judgment.
The court held that where "[t]here has been lackadaisical behavior by the plaintiffs. . . . [including] procrastination and delay . . . [t]he responsibility for this state of affairs lies squarely with the plaintiffs." Id. The court also noted that pursuant to the decision in Ruddock v. Burrowes, supra,243 Conn. 564, "the court [must] look for a pattern of dilatory behavior." Id. The trial court must also "determine whether, under the totality of the circumstances, the case in question `demonstrate[s] the occurrence of misconduct so egregious as to bar recourse to § 52-592.' [Ruddock v. Burrowes,
supra, 243 Conn. 576.] The burden is on the plaintiffs `to make a factual showing that the prior dismissal was a `matter of form.' Id., 577. The plaintiffs . . . have not carried this burden." Id. Accordingly, the court granted the defendants' motion for summary judgment. CT Page 2052
Further, in Campanaro v. Jenkins, Superior Court, judicial district of Middlesex at Middletown, Docket No. 085603 (April 15, 1999, Schuman, J.), the plaintiff delayed filing his cause of action until the two year limitations had nearly run, then managed to have the case dismissed once for lack of diligence and later for failure to attend a pretrial conference. Almost four months after the second dismissal, the plaintiff filed a motion to open the judgment, which the court denied. The court subsequently denied the plaintiff's motion to reargue.
The plaintiff proceeded to then file a second cause of action pursuant to § 52-592, and the defendant moved for summary judgment. The court determined that although missing the pretrial conference may have qualified as "excusable neglect," waiting until the end of the four month period to file a motion to open judgment did not. "[T]he plaintiff displayed a callous disregard for the time and expense of the defendant in trial preparation and his legitimate interest in a timely resolution of the case. . . . [T]he plaintiff's repeated delays `interfere[d] with proper judicial management of cases, and cause[d] serious inconvenience to the court and to opposing parties.'" Id., quoting Ruddock v. Burrowes, supra, 243 Conn. 576 n. 12.
The issue before this court is whether the plaintiff has satisfied the requirements of the accidental failure of suit statute so as to fall within its purview. The court must ascertain whether the plaintiffs' noncompliance with the court's order to claim the case to the file list within sixty days "occurred in circumstances [of] mistake, inadvertence or excusable neglect," and whether the dismissal was, in fact, one that was "for any matter of form."
This court finds that the actions of the plaintiffs in the first action before the court do not constitute "mistake, inadvertence or excusable neglect," so as to allow the present plaintiff to proceed with a second cause of action pursuant to § 52-592 (a). As previously stated, the original action was filed on September 19, 1995, near to or after the statute of limitations had run on the underlying action. Since none of the defendants has sufficiently pleaded the expiration of the statute of limitations as a special defense, the court deems this defense waived. See Practice Book § 10-50; see also Mac's CarCity, Inc. v. DeNigris, 18 Conn. App. 525, 528, 559 A.2d 712
CT Page 2053 (1989) ("A statute of limitations defense must be specially pleaded"); Avon Meadow Condo, Assn., Inc. v. Bank Boston ofConnecticut, 50 Conn. App. 688, 698, 719 A.2d 66 (1998) ("By not specifically pleading the statute of limitations in its special defense, the defendant waived its right to have the statute of limitations considered by the trial court").
The plaintiffs filed multiple amended complaints during the pendency of the original action, usually at the bequest of the defendants' requests to revise and motions to strike. The case was twice dismissed for dormancy pursuant to Practice Book §14-3 and twice reopened by the court. Upon opening the case for a second time, the court explicitly conditioned the reopening on the plaintiffs claiming the case to the trial list within sixty days, or by May 2, 1998.
Subsequently, the court did grant the defendants, Ryder, Sealy and King, an extension of time to plead, which permitted them to file an answer to the plaintiff's fifth amended complaint by May 21, 1998. This naturally made it impossible for the plaintiffs to close the pleadings and claim the case to the trial list by May 2, 1998. Thus, by May 2, 1998, the plaintiffs failed to comply with the order of the court by not placing the case on the trial list. The plaintiffs, however, did nothing to inform the court as to why they failed to comply with this order and took no affirmative steps to modify the date by which they had to claim the case to the trial list. Although the plaintiffs did contend in their objection to nonsuit that they could not have complied with the court's order due to the subsequent order extending the defendants' time to plead, no other affirmative action was taken by the plaintiffs. The plaintiffs made no attempt to close the pleadings and did nothing affirmatively to explain to the court the reasons why they were unable to do so.
In fact, the defendants, Ryder, Sealy and King, never filed an answer within the time prescribed by the court. The plaintiff could have filed a motion for default for failure to plead against these defendants on May 22, 1998, but chose not to. Instead, the plaintiff filed a sixth amended complaint, and filed a notice of intent to appeal the court's denial of their motion to open the prior two nonsuits. Subsequently, the defendants, Ryder, Sealy and King, filed a motion for nonsuit as well, which this court granted on July 26, 1999. It does not appear as if the plaintiffs have appealed this decision, or filed either a motion to reargue or for articulation. CT Page 2054
Rather, the plaintiff has filed the present action pursuant to § 52-592, hoping to resurrect claims which allegedly arose nearly seven years ago. Based upon the standard enumerated inRuddock v. Burrowes, supra, 243 Conn. 569, this court finds that the plaintiff's behavior is not the kind of "mistake, inadvertence or excusable neglect" that was meant to be encompassed by the savings statute. Although the statute is meant to be construed broadly, it simply cannot permit attorneys to act with complete disregard of court orders.
The plaintiffs in the initial action were afforded multiple opportunities to amend their complaint and pursue their cause of action. From the very beginning, however, the plaintiffs delayed the proceedings and wasted the time of all defendants, as well as the court. After barely filing the initial action within the time permitted by the pertinent statute of limitations, the plaintiffs allowed the matter to be twice dismissed for dormancy, and then failed to either comply with an order of the court or justify to the court why it was unable to comply. This court finds that the plaintiffs' actions, as well as their nonactions, do not fall within the protection of § 52-592. For the foregoing reasons, the defendants' motion for summary judgment is granted.
D. Michael Hurley, Judge Trial Referee