AVON MEADOW CONDOMINIUM ASSOCIATION, INC., ET AL. *v.* BANK OF BOSTON CONNECTICUT
(AC 17267)

Foti, Hennessy and Kulawiz, Js.

Argued June 4—officially released October 13, 1998

*Richard P. Weinstein*, with whom, on the brief, were *Nathan A. Schatz* and *Gail P. Ferris*, for the appellants (plaintiffs).

*Ben M. Krowicki*, with whom was *Ann M. Siczewicz*, for the appellee (defendant).

*Opinion*

HENNESSY, J. The plaintiffs, Avon Meadow Condominium Association, Inc., and the owners[1] of condominiums in the complex known as Avon Meadows, appeal from the summary judgment rendered in favor of the

---

[1] The plaintiff owners are Avon Meadow Real Estate Associates, Remed Associates, LSGE Realty and Continental Real Estate Holdings, Inc.

defendant, Bank of Boston Connecticut. At trial, the plaintiffs sought to recover damages, as third party beneficiaries, for expenses incurred and losses sustained as a result of the alleged breach by the defendant's predecessor, Colonial Bank (Colonial) of a contract between Colonial and Avon Meadow Associates (developer).[2] The plaintiffs claim that the trial court improperly applied the statute of limitations to each of the three counts of the complaint.

More specifically, the plaintiffs argue that (1) the three year statute of limitations, General Statutes § 52-581, does not apply to an agreement where the evidence tends to show that writings existed showing that the defendant had acknowledged the contract and where the contract sued upon was no longer executory, (2) the trial court improperly applied the three year statute of limitations to the common-law tort claim of misrepresentation, where it was not alleged by the defendant, and (3) the trial court improperly applied a three year statute of limitations, General Statutes § 42-110g (f), to the third count of the complaint, which alleged a violation of the Connecticut Unfair Trade Practices Act (CUTPA), General Statutes § 42-110a et seq., where it was not specifically pleaded by the defendant. We reverse the judgment in part.

The trial court found the following facts. Colonial loaned money to the developer for the construction and development of a commercial condominium project. The developer defaulted on its payments to Colonial, which then filed an action to recover on the note. The jury in the note action found that Colonial had breached an oral agreement with the developer to fund the project to completion and that the developer had released Colonial from any claims it had against it, including those stemming from the breach of the oral contract.

[2] The plaintiffs purchased the condominium units from the developer; this ownership forms the basis of their claims. The developer was not a party in the underlying action and is not a party in this appeal.

The plaintiffs' purchase of the condominium units from the developer forms the basis of their claims against the defendant. The plaintiffs, predicating their claims on their status as third party beneficiaries, instituted this action seeking damages for losses allegedly incurred as a result of Colonial's breach of its oral agreement with the developer.

The plaintiffs, in a three count complaint, claimed the following: In count one, that Colonial had breached its contract with the developer by refusing to fund the condominium project to completion; in count two, that Colonial had misrepresented the state of its financial condition in that it did not have sufficient funds to meet its lending commitments to existing customers, including the developer, and refused to continue construction lending as a matter of corporate policy; and, in count three, that Colonial had violated CUTPA.

The defendant raised the following special defenses: (1) that the plaintiffs are collaterally estopped to make claims based upon the alleged oral contract; (2) that the plaintiffs' claims were released in a forbearance agreement signed by their predecessor in interest; (3) that the claims are barred by the doctrine of res judicata; (4) the claims are barred by the statutes of limitation; and (5) that the plaintiffs waived all claims because they entered into a prior agreement with the defendant.[3]

---

[3] Several of these special defenses were predicated on the fact that a prior action, *Bank of Boston Connecticut* v. *Avon Meadow Associates*, Superior Court, judicial district of Hartford-New Britain at Hartford, Docket No. 0702045 (November 27, 1991), barred further litigation. The trial court did not consider these special defenses and, therefore, this opinion does not make a conclusion as to their correctness because they are not properly before us. We note, however, that the record does reveal the following. In its March 18, 1997 memorandum of decision, the trial court makes note of the prior litigation, in particular the jury's finding that the bank had entered into and breached an oral agreement with the developer to fund the project to completion, and from that point forward refers to the contract as an "oral construction financing agreement." Despite this adoption of the jury's finding that an oral contract existed, in its memorandum of decision on the

On September 18, 1995, the defendant filed a motion for summary judgment to which the plaintiffs filed an opposition motion on September 20, 1995. On March 18, 1997,[4] the trial court granted the defendant's motion for summary judgment, finding that counts one and two of the plaintiffs' complaint are subject to the three year statute of limitations set out in General Statutes §§ 52-581 and 52-577, respectively, and that count three is subject to the three year statute of limitations set forth in § 42-110g (f).[5]

On April 2, 1997, the plaintiffs filed a motion to reargue, which was granted. On April 14, 1997, the trial court heard reargument and, on May 12, 1997, denied the plaintiffs' request to reconsider the granting of the defendant's motion for summary judgment as to all counts.

We note that our standard of review on appeal following a trial court's grant of summary judgment is well established and is set forth in Practice Book § 17-49.[6] "In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party." (Internal quotation marks omitted.) *Bruttomesso* v. *Northeastern Connecticut*

motion to reargue, the trial court states that it "assumes that there was an oral contract." On the basis of these inconsistencies, we conclude that the trial court did not make a finding regarding the impact of the prior litigation on these proceedings, specifically whether the jury finding that an oral contract existed precluded litigation on that matter.

[4] The amount of time that passed between the filing of the motion and the decision by the trial court to grant it was due in part to the reassignment of the case to another judge. Oral argument on the motion was originally heard by the court, *Sheldon, J.*, on September 22, 1995. Thereafter, the case was transferred to *O'Neill, J.*, who granted the motion on March 18, 1997.

[5] The trial court found that the cause of action accrued on May 1, 1990, and that suit was brought January 27, 1994.

[6] Practice Book § 17-49 provides: "The judgment sought shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."

*Sexual Assault Crisis Services, Inc.*, 242 Conn. 1, 5, 698 A.2d 795 (1997); *Home Ins. Co.* v. *Aetna Life & Casualty Co.*, 235 Conn. 185, 202, 663 A.2d 1001 (1995). "The test is whether a party would be entitled to a directed verdict on the same facts. *Connell* v. *Colwell*, 214 Conn. 242, [247], 571 A.2d 116 (1990)." (Internal quotation marks omitted.) *Beebe* v. *East Haddam*, 48 Conn. App. 60, 64, 708 A.2d 231 (1998).

"A motion for summary judgment is properly granted if it raises at least one legally sufficient defense that would bar the plaintiff's claim and involves no triable issue of fact. *Perille* v. *Raybestos-Manhattan-Europe, Inc.*, 196 Conn. 529, 543, 494 A.2d 555 (1985)." (Internal quotation marks omitted.) *Beebe* v. *East Haddam*, supra, 48 Conn. App. 64.

On appeal, "[w]e must decide whether the trial court erred in determining that there was no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. . . . *Aetna Casualty & Surety Co.* v. *Jones*, 220 Conn. 285, 292, 596 A.2d 414 (1991)." (Internal quotation marks omitted.) *Connecticut National Bank* v. *Rytman*, 241 Conn. 24, 37, 694 A.2d 1246 (1997).

I

The first count of the plaintiffs' April 19, 1994 amended revised complaint alleges that the parties entered into an agreement in which the defendant agreed to finance the construction and development of the condominium project. The plaintiffs argue that the defendant breached that agreement in 1990 when it "failed, neglected and refused to complete the construction financing." The sole claim of the plaintiffs is that certain expenses were incurred and losses sustained as a result of "the breach of the defendant's obligation to complete the funding."

The defendant's April 12, 1995 amended answer to the revised complaint stated the following under its fourth special defense: "Paragraphs 4, 6, and 8 of Plaintiffs' Revised Complaint, dated April 19, 1994, make reference to an alleged oral[7] contract between [the developer] and [the defendant]. Pursuant to General Statutes § 52-581, 'No action founded upon any express contract or agreement which is not reduced to writing . . . shall be brought but within three years after the right of action accrues.' . . . The above-captioned action was not brought within three years after any alleged right of action under the Alleged Oral Contract accrued. Plaintiff's claims are, therefore, barred by the applicable statutes of limitations."

On September 18, 1995, the defendant moved for summary judgment, arguing that no genuine issues of material fact existed and that because the plaintiffs' claims were barred by the statute of limitations, it was entitled to judgment as a matter of law. On September 20, 1995, the plaintiffs filed an opposition to the motion for summary judgment. In their opposition, the plaintiffs argued that the defendant failed to plead the applicable statute of limitations, which applies to a written contract, and that the motion should be denied on those grounds.

On March 18, 1997, the trial court issued its memorandum of decision in which it characterized the plaintiffs' complaint as "breach of an oral construction financing agreement between [the developer] and [the defendant]." Thereafter, the trial court dismissed the first count as untimely filed, relying on § 52-581.

On April 2, 1997, the plaintiffs filed a motion for reargument and reconsideration in which they asserted that they are entitled to a determination of whether the

---

[7] We note that the plaintiffs did *not* refer to the agreement between the two parties as an oral agreement; that was interjected by the defendant.

contract was written or oral; see Practice Book § 64-1, formerly § 4059; as they had raised that in their opposition to the defendant's motion for summary judgment pursuant to § 52-581. The plaintiffs argued that they claimed that a written contract existed. Although this claim was extensively briefed and evidence was produced to support it, the trial court made no determination on this issue; rather, it took as true the defendant's assertion that the contract was oral.

The trial court granted reconsideration but denied the relief requested. In a memorandum of decision filed on May 12, 1997, the trial court reviewed the plaintiffs' claim, which was, in the trial court's words, "whether the multiple writings in this case support a conclusion that the six year statute of limitations" applies. The trial court found that the writings were insufficient to support the conclusion that a written contract was formed and that "the court assumes there was an oral contract. What the plaintiffs have failed to prove by affidavit and documentation is what the contract provided."

Under the facts of this case, we cannot say that the trial court properly granted the defendant's motion for summary judgment as to count one. For the trial court to conclude that the plaintiffs' action was barred by the statute of limitations, it had to determine two things: First, whether a contract existed and, second, whether the contract was oral or written.

"The existence of a contract is a question of fact to be determined by the trier on the basis of all of the evidence." *Fortier* v. *Newington Group, Inc.*, 30 Conn. App. 505, 509, 620 A.2d 1321, cert. denied, 225 Conn. 922, 625 A.2d 823 (1993). Further, the determination of whether a contract is oral or written is also a question of fact. See *Union Trust Co.* v. *Jackson*, 42 Conn. App. 413, 419, 679 A.2d 421 (1996) ("question of whether the parties had an

oral contract is material, if, and only if, a trier of fact were to find that there was an oral agreement").

A motion for summary judgment is properly granted only where no genuine issue of fact exists. Here, that is not the case. The first count of the plaintiffs' complaint was not vulnerable to the statute of limitations defense because it was brought within the outer limit of six years for a contract claim. "In passing on a defendant's motion for summary judgment, the trial court is limited to deciding whether an issue of fact exists, but *in passing on that motion it cannot try that issue if it does exist.*" (Emphasis added.) *United Oil Co.* v. *Urban Redevelopment Commission*, 158 Conn. 364, 377, 260 A.2d 596 (1969). We find that the trial court acknowledged that there was a factual dispute as to the existence of a contract and, therefore, improperly dismissed count one of the plaintiffs' complaint.

## II

The plaintiffs next claim that the trial court improperly applied § 52-577,[8] a three year statute of limitations, to the misrepresentation claim alleged in count two of the amended complaint. They argue that the wording of the defendant's fourth special defense[9] did not plead the statute of limitations as to the tort claim of misrepresentation and, therefore, the statute of limitations cannot be applied to the plaintiffs' misrepresentation count. We agree.

---

[8] General Statutes § 52-577 provides: "No action founded upon a tort shall be brought but within three years from the date of the act or omission complained of."

[9] The defendant's fourth special defense is as follows: "1. Paragraph 1 of the First Special Defense (pertaining to an alleged oral contract) is hereby made Paragraph 1 of this Fourth Special Defense as if more fully stated herein.

"2. Pursuant to Conn. Gen. Stat. § 52-581, 'No action founded upon any express contract or agreement which is not reduced to writing, or of which some note or memorandum is not made in writing and signed by the party to be charged therewith or his agent, shall be brought but within three years after the right of action accrues.'

At oral argument before this court, the defendant made two arguments. The first was that because the special defense of the statute of limitations as to the misrepresentation claim was clearly set forth in its original answer and special defenses to the plaintiffs' original complaint, it carried over and became part of the amended answer. The defendant's second argument asserted that the wording in the amended special defense was sufficient to raise the statute of limitations as applied to the count of misrepresentation.

As to the defendant's first claim, it cites no case law, statute or rule of practice in support of its argument. Moreover, our research did not discover any that supports this proposition. To the contrary, "if the amended special defenses are merely an attempt to correct defects in the original answer and special defenses, the amended answer serves to displace the answer that was stricken, and any right to appeal the stricken answer is waived." *Great Country Bank* v. *Pastore*, 241 Conn. 423, 434, 696 A.2d 1254 (1997). We therefore reject this argument.

The defendant's alternative argument asserts that the wording of the special defense contained in its answer to the revised complaint is sufficient to raise the defense of the statute of limitations. A review of this pleading, set forth in footnote 9, convinces us that the special defense pertains to count one of the plaintiffs' complaint, not count two. We find that because the defendant cited § 52-581, which pertains to contracts exclusively, it did not plead § 52-577. Moreover, there is

"3. Principals of the Plaintiff Avon Meadow Condominium Association have alleged that [the defendant] breached its obligation under the Alleged Oral Contract on or about June of 1990.

"4. The above captioned action was not brought within three years after any alleged right of action under the Alleged Oral Contract accrued.

"5. Plaintiffs' claims are, therefore, barred by the applicable statute of limitations."

no reference made to § 52-577, which applies to actions sounding in tort.

Practice Book § 10-3 (a) provides that "[w]hen any claim made . . . in a . . . special defense . . . or other pleading is grounded on a statute, the statute shall be *specifically* identified by its number." (Emphasis added.) We find that the defendant failed to follow that rule of practice and to make reference to the misrepresentation count in its fourth special defense. We conclude that the defendant failed to plead the defense of the statute of limitations to the second count of the plaintiffs' revised complaint.

Our inquiry does not end upon concluding that the defendant failed to plead the special defense as to the tort claim. "The general rule is that where the right of action exists independently of the statute in which the limitation is found, such a statutory bar is considered personal and procedural, and it is deemed waived unless it is specially pleaded." *Orticelli* v. *Powers*, 197 Conn. 9, 15, 495 A.2d 1023 (1985). "Applying this [rule] to the present case leads to the conclusion that General Statutes § 52-577 is procedural, not jurisdictional, and thus may be waived." *Orticelli* v. *Powers*, supra, 16. By not specifically pleading the statute of limitations in its special defense, the defendant waived its right to have the statute of limitations considered by the trial court.

We conclude that given the pleadings before it, the trial court improperly applied the special defense of the statute of limitations to the second count of the plaintiffs' amended complaint.[10] We reverse the judgment of the trial court as to the second count of the complaint.

---

[10] We also note that the trial court's application of the statute of limitations to the tort count sua sponte is improper. The same reasoning applies as is stated above. The limitation acts as a bar to a remedy otherwise available. *Orticelli* v. *Powers*, supra, 197 Conn. 15. The plaintiffs' claim that the statute of limitations was tolled by virtue of some "continuing course of conduct

## III

The plaintiffs finally claim that the trial court improperly applied the three year statute of limitations as set forth in § 42-110g (f)[11] to the third count of the amended complaint, which alleged a violation of CUTPA. We do not agree.

Our Supreme Court has addressed this issue in *Ecker* v. *West Hartford*, 205 Conn. 219, 231–33, 530 A.2d 1056 (1987): "In deciding whether a time limitation contained within a statute is subject to waiver, we must determine whether the limitation is substantive or procedural in nature. See *Moore* v. *McNamara*, 201 Conn. 16, 22–23, 513 A.2d 660 (1986); *Orticelli* v. *Powers*, [supra, 197 Conn. 15]. ' "A statute of limitations is generally considered to be procedural, especially where the statute contains only a limitation as to time with respect to a right of action and does not itself create the right of action. *Jones Destruction, Inc.* v. *Upjohn*, 161 Conn. 191, 195, 286 A.2d 308 (1971)." *Collucci* v. *Sears, Roebuck & Co.*, 585 F. Sup. 529, 532 (D. Conn. 1984).' *Moore* v. *McNamara*, supra, 22. Where the limitation is deemed procedural and personal it is subject to being waived unless it is specifically pleaded because the limitation is considered merely to act as a bar to a remedy otherwise available. See *Moore* v. *McNamara*, supra [22]; *Orticelli* v. *Powers*, supra [15]; *L. G. DeFelice & Son, Inc.* v. *Wethersfield*, 167 Conn. 509, 511, 356 A.2d 144 (1975); *Hillier* v. *East Hartford*, 167 Conn. 100, 106, 355 A.2d 1 (1974).

"Where, however, a specific time limitation is contained within a statute that creates a right of action

by the defendant" need not be addressed in light of our holding that the statute of limitations does not apply to the second count of the plaintiffs' amended complaint.

[11] General Statutes § 42-110g (f) provides: "An action under this section may not be brought more than three years after the occurrence of a violation of this chapter."

that did not exist at common law, then the remedy exists *only* during the prescribed period and not thereafter. See *Moore* v. *McNamara*, supra [201 Conn. 22–23]; *Orticelli* v. *Powers*, supra [197 Conn. 15]; *L. G. DeFelice & Son, Inc.* v. *Wethersfield*, supra [167 Conn. 511]; *Hillier* v. *East Hartford*, supra [167 Conn. 106]; *Diamond National Corporation* v. *Dwelle*, 164 Conn. 540, 547, 325 A.2d 259 (1973). In such cases, the time limitation is not to be treated as an ordinary statute of limitation, but rather is a limitation on the liability itself, and not of the remedy alone. *Vecchio* v. *Sewer Authority*, 176 Conn. 497, [504], 408 A.2d 254 (1979); see *American Masons' Supply Co.* v. *F. W. Brown Co.*, 174 Conn. 219, 224, 384 A.2d 378 (1978); *Hillier* v. *East Hartford*, supra [106]; *DeMartino* v. *Siemon*, [90 Conn. 527, 528–29, 97 A. 765 (1916)]; *Cofrancesco* v. *Smith*, [29 Conn. Sup. 139, 141–42, 275 A.2d 608 (1971)]; 22 Am. Jur. 2d 633, Death § 35. The courts of Connecticut have repeatedly held that, under such circumstances, the time limitation is a substantive and jurisdictional prerequisite, which may be raised at any time, even by the court sua sponte, and may not be waived. See *Moore* v. *McNamara*, supra, 23; *Orticelli* v. *Powers*, supra [15]; *American Masons' Supply Co.* v. *F. W. Brown Co.*, supra [224]; *L. G. DeFelice & Son, Inc.* v. *Wethersfield*, supra [511]; *Diamond National Corporation* v. *Dwelle*, supra [547]; *Wilburn* v. *Mount Sinai Medical Center*, 3 Conn. App. 284, 288, 487 A.2d 568 (1985)." (Emphasis added.)

Accordingly, we hold that the three year limitation contained in § 42-110g (f) is jurisdictional and was properly applied by the trial court to the third count.

Our holding that the trial court improperly applied the statute of limitations to the first and second count of the plaintiffs' amended complaint requires that the matter be remanded to the trial court, that the summary judgment be vacated and that a trial be afforded to the plaintiffs on the contract and misrepresentation counts.

The judgment is reversed as to the first and second counts of the plaintiffs' complaint and the case is remanded for further proceedings consistent with this opinion.

In this opinion the other judges concurred.