[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM RE: MOTION FOR SUMMARY JUDGMENT #116A
The defendant has filed this Motion for Summary Judgment as to the third count of the plaintiff's amended complaint dated November 25, 1997[1]. The complaint alleges that the plaintiff fell on the defendants property and in the third count alleges that the defendant agreed that they would pay for the medical expenses but have not done so as agreed.
The plaintiff argues that the third count sounds in contract, promissory estoppel and negligent misrepresentation. CT Page 13273
The defendants argue in support of their motion that if the third count of the complaint states a claim for breach of contract, the plaintiffs cannot prevail as a matter of law because there was no consideration as a basis for any agreement. (Defendant's Memorandum, dated February 18, 1999, pp. 4-5.) Moreover, as to a claim for promissory estoppel, the defendant argues that the plaintiffs did not detrimentally rely or change their course of conduct because they were informed that they would be relieved of all medical expenses. (Defendant's Memorandum, dated February 13, 1999, pp. 5-8.) Lastly, the defendant argues that it is not liable to the plaintiffs under a theory of negligent misrepresentation because the plaintiffs did not incur a pecuniary loss as a result of justifiable reliance. (Defendant's Memorandum, dated February 18, 1999, p. 9.)
It seems unlikely that the plaintiff will be able to factually prove its theories of promissory estoppel or negligent misrepresentation. It may be equally as difficult for the plaintiff to prove that there is adequate consideration if in fact the third count does in fact allege contract. Whether a contract does exist is a fact to be determined by a jury on the basis of the evidence. L R Realty v. Connecticut NationalBank, 53 Conn. App. 524, 534, ___ A.2d ___ (1999); AvonMeadow Condominium Association v. Bank of Boston,50 Conn. App. 688, 695, 719 A.2d 66, cert. denied, 247 Conn. 946,723 A.2d 320 (1998).
There is a disputed material issue of fact as to the third count and therefore the defendants Motion of Summary Judgment is denied.
PELLEGRINO, J.