### CUE ASSOCIATES, LLC *v.* CAST IRON ASSOCIATES, LLC
### (AC 28961)

Flynn, C. J., and Lavine and Pellegrino, Js.

---

Argued September 17—officially released November 4, 2008

*Richard P. Weinstein*, with whom was *Nathan A. Schatz*, for the appellant (plaintiff).

articulation as provided in Practice Book § 66-5." *American Honda Finance Corp.* v. *Johnson*, 80 Conn. App. 164, 168, 834 A.2d 59 (2003).

*Michael D. O'Connell*, with whom, on the brief, was *Erin Arcesi Mutty*, for the appellee (defendant).

*Opinion*

FLYNN, C. J. The plaintiff, Cue Associates, LLC, appeals from the judgment of the trial court in favor of the defendant, Cast Iron Associates, LLC. On appeal, the plaintiff claims that the court improperly applied the statute of limitations found in General Statutes § 52-577 to bar the plaintiff's trespass claim, when the defendant did not plead this statute of limitations as a special defense. We agree with the plaintiff and, therefore, reverse in part the judgment of the trial court.

The following facts, which are taken from the court's memorandum of decision and from the record, are undisputed. The plaintiff owns property known as 247-253 Asylum Street in Hartford. The defendant is the owner of an adjacent property known as 235-241 Asylum Street. The buildings on the parties' properties share a common, or party, wall. In December, 1981, Anthony B. Cacase, Roy Christiansen and Nicholas V. Perfito entered into an easement agreement with the defendant's predecessor in ownership, Asylum Associates, L.P. (Asylum). Cacase, Christiansen and Perfito subsequently formed the plaintiff limited liability company. The agreement granted Asylum and its successors the right to make certain repairs to the footings supporting the party wall, as well as the right to enter the plaintiff's property to make such repairs. The agreement also provided that if Asylum had to disturb the plaintiff's portion of the wall or the footings located within the easement area in any way, it would be obligated to restore them to their condition prior to the disturbance. Asylum further agreed to extend its chimney to an appropriate height above any new roof line of its building.

In the early 1980s, Asylum performed extensive renovative construction on its building. In the course of this construction, Asylum extended the party wall upward in order to add an additional floor and added a number of quoins, or rectangular bricks, to the facade of the building. As a result of the construction, Asylum's building encroached on the plaintiff's property line by approximately twenty-two inches. At no time did Asylum extend the chimney on its roof as it had agreed.

In 2005, the plaintiff became interested in a city restoration project. Under the project, the plaintiff's building would be restored to its original late nineteenth century appearance. The city's project required an accurate property survey, and it was as a result of this survey that the plaintiff became aware of the encroachment of the defendant's property across the plaintiff's property line. On November 10, 2005, the plaintiff filed suit against the defendant. In addition to claims that the defendant breached its contractual obligations under the easement agreement, the plaintiff's complaint stated a claim for trespass. The plaintiff sought equitable relief as well as monetary damages.

On July 12, 2006, the defendant filed a second amended answer and special defenses. The defendant denied the substantive allegations of the complaint and asserted special defenses of laches, waiver, estoppel, adverse possession and the statute of limitations. As to the last of these, the defendant pleaded as follows: "The claims of the [p]laintiff are barred, in whole or in part, by the statute of limitations as set forth in Connecticut General Statutes § 52-576." Section 52-576 is a statute of limitations governing actions sounding in contract.

A trial before the court followed. By memorandum of decision, the court ruled in favor of the defendant on each count of the complaint. The court's decision stated in part: "The plaintiff alleges that the activities

of the defendant constitute a trespass to the plaintiff's property and that the trespass is a continuing one. As to the claim of trespass, the defendant pleads the statute of limitations. The statute of limitations for torts in Connecticut [is found in] General Statutes § 52-577, which provides [that] an action founded on a tort shall be brought within three years from the date of the act complained." Applying this statute of limitations, which had not been pleaded by the defendant, the court held that the plaintiff's trespass claim was time barred. This appeal followed.

## I

The plaintiff claims that the court improperly applied the statute of limitations found in § 52-577 to its claim for trespass because the defendant did not plead this statute specifically as a special defense. The defendant argues in opposition that its failure to cite a specific statute was mitigated by the fact that the plaintiff had notice of the nature of the defendant's defense. We agree with the plaintiff.

The following standard of review and principles of law guide our resolution of the plaintiff's appeal. The interpretation of the requirements of the rules of practice presents a question of law, over which our review is plenary. *Gilbert* v. *Beaver Dam Assn. of Stratford, Inc.*, 85 Conn. App. 663, 671, 858 A.2d 860 (2004), cert. denied, 272 Conn. 912, 866 A.2d 1283 (2005).

Practice Book § 10-3 (a) provides that "[w]hen any claim made in a complaint, cross complaint, special defense, or other pleading is grounded on a statute, the statute shall be specifically identified by its number." Because the rule embodied in this section is directory rather than mandatory; see, e.g., *Steele* v. *Stonington*, 225 Conn. 217, 221 n.7, 622 A.2d 551 (1993); *Fleet National Bank* v. *Lahm*, 86 Conn. App. 403, 405 n.3, 861 A.2d 545 (2004), cert. denied, 273 Conn. 904, 868

A.2d 744 (2005); this court has emphasized that notice to the other party is the critical consideration in determining the sufficiency of a party's pleading. *Michalski* v. *Hinz*, 100 Conn. App. 389, 394, 918 A.2d 964 (2007). "As long as the defendant is sufficiently apprised of the nature of the action . . . the failure to comply with the directive of Practice Book § 10-3 (a) will not bar recovery." (Citation omitted; internal quotation marks omitted.) *Spears* v. *Garcia*, 66 Conn. App. 669, 676, 785 A.2d 1181 (2001), aff'd, 263 Conn. 22, 818 A.2d 37 (2003).

An additional consideration informs the analysis when the pleading in question is a special defense raising a statute of limitations. In instances in which a limitations period is contained within the statute that establishes the underlying remedy, such a limitations period is jurisdictional and cannot be waived. *Travelers Indemnity Co.* v. *Rubin*, 209 Conn. 437, 446, 551 A.2d 1220 (1988). However, when the right of action exists independently of the statute in which the limitations period is found, the statutory bar is considered personal and procedural and is deemed waived if not specially pleaded. *Orticelli* v. *Powers*, 197 Conn. 9, 15, 495 A.2d 1023 (1985). Our Supreme Court has determined that the limitations period found in § 52-577 is procedural rather than jurisdictional and, thus, may be waived by the party entitled to the defense. Id., 16.

In *Avon Meadow Condominium Assn., Inc.* v. *Bank of Boston Connecticut*, 50 Conn. App. 688, 691, 719 A.2d 66, cert. denied, 247 Conn. 946, 723 A.2d 320 (1998), the plaintiffs brought a three count complaint alleging breach of contract, misrepresentation and a violation of the Connecticut Unfair Trade Practices Act, General Statutes § 42-110a et seq. The defendant pleaded special defenses, including the statute of limitations. *Avon Meadow Condominium Assn., Inc.* v. *Bank of Boston*

*Connecticut,* supra, 691.[1] The trial court granted the defendant's motion for summary judgment, holding that the limitations period for actions sounding in tort found in § 52-577 barred the plaintiffs' misrepresentation claim. Id., 692.

On appeal, the plaintiffs in *Avon Meadow Condominium Assn., Inc.,* argued that the defendant's failure to plead specifically as a special defense the statute of limitations found in § 52-577 precluded the trial court from applying that section to bar their misrepresentation claim. Id., 696. The defendant contended that, although it explicitly referenced only § 52-581, the wording of the special defense nevertheless was sufficient to raise the defense to the misrepresentation claim. Id., 697. This court reversed the judgment of the trial court, concluding that "because the defendant cited § 52-581, which pertains to contracts exclusively, it did not plead § 52-577. Moreover, there [was] no reference made to § 52-577, which applies to actions sounding in tort." Id., 697–98. Because the defendant had not pleaded the statute of limitations section specifically, we concluded that it had waived its right to have that defense considered by the trial court. Id., 698.

---

[1] The defendant's statute of limitations special defense in *Avon Meadow Condominium Assn., Inc.,* stated as follows: "1. Paragraph 1 of the First Special Defense (pertaining to an alleged oral contract) is hereby made Paragraph 1 of this Fourth Special Defense as if more fully stated herein.

"2. Pursuant to Conn. Gen. Stat. § 52-581, 'No action founded upon any express contract or agreement which is not reduced to writing, or of which some note or memorandum is not made in writing and signed by the party to be charged therewith or his agent, shall be brought but within three years after the right of action accrues.'

"3. Principals of the Plaintiff Avon Meadow Condominium Association have alleged that [the defendant] breached its obligation under the Alleged Oral Contract on or about June of 1990.

"4. The above captioned action was not brought within three years after any alleged right of action under the Alleged Oral Contract accrued.

"5. Plaintiffs' claims are, therefore, barred by the applicable statute of limitations." (Internal quotation marks omitted.) Id., 696 n.9.

We recently addressed the issue of whether a trial court properly rejected a party's statute of limitations defense on the basis of the party's failure to plead the statute providing for that defense specifically. In *Ramondetta* v. *Amenta*, 97 Conn. App. 151, 161, 903 A.2d 232 (2006), the plaintiffs attempted to raise the special defense of the statute of limitations to the defendant's unjust enrichment counterclaim, which was based on an underlying oral contract. The plaintiffs pleaded that the defendant's "claims are barred by the applicable [s]tatute of [l]imitations." (Internal quotation marks omitted.) Id. The plaintiffs' only subsequent reference to the special defense came in their posttrial memorandum of law, which stated: "Clearly, the statute of limitations for an oral agreement is three (3) years, with a limitation for a written agreement being six (6) years." (Internal quotation marks omitted.) Id., 163.

We held that the trial court properly considered the plaintiffs' statute of limitations defense waived. "At no point from the filing of the defendant's counterclaim to the rendering of judgment by the court did the plaintiffs identify the applicable statute on which they relied. That infirmity is fatal to the plaintiffs' claim. The underlying purpose of affirmative pleading is to apprise the court and the opposing party of the issue to be tried. . . . Consistent with that purpose, a party raising a statute of limitations defense must identify the statute that allegedly is applicable. In pleading such a defense, the bare assertion that 'the applicable statute of limitations' bars a particular action is inadequate to apprise the court or the opposing party sufficiently of the nature of the defense." (Citation omitted.) Id., 163–64. We find the rationale of such a holding persuasive because if a particular statute of limitations is not pleaded, the plaintiff is not on notice to plead and prove matters in avoidance of the particular statute of limitations not pleaded. See Practice Book § 10-57. Where a particular

statute of limitations like § 52-577 is not jurisdictional and has not been pleaded, a plaintiff is entitled to conclude that it was waived.

The defendant here argues that the court's judgment on the plaintiff's trespass claim was proper despite the defendant's failure to cite a specific statute of limitations because the plaintiff had sufficient notice of the nature of the asserted defenses. The defendant contends that "from the beginning of this case, it has been clear that the crux of the [d]efendant's defense was the consequence of the passage of time and delay as it relates to both the contract and tort claims." Further, it maintains, the evidence and arguments presented by both parties made no distinction between the statute of limitations for the contract and tort claims.

In support of its argument, the defendant cites *Caruso* v. *Bridgeport*, 285 Conn. 618, 941 A.2d 266 (2008). There, the plaintiff brought a claim alleging that the registrar of voters had violated certain election statutes during the Democratic primary for the office of mayor of Bridgeport. Id., 620–21. The plaintiff's complaint cited General Statutes § 9-328, which governs challenges in general elections for municipal officers. Id., 627. The plaintiff later amended his complaint and correctly cited General Statutes § 9-329a, which provided the proper statutory basis for the action. Id.

The defendants moved to dismiss the complaint, claiming that the plaintiff's initial incorrect statutory citation deprived the trial court of subject matter jurisdiction. Id., 626. On cross appeal from the court's denial of their motion, the defendants cited the affirmative pleading requirements of Practice Book § 10-3. Id., 627–28. In rejecting the defendant's claim, our Supreme Court noted that "[a]s long as the defendant is sufficiently apprised of the nature of the action . . . the failure to comply with the directive of Practice Book

§ 10-3 (a) will not bar recovery." (Internal quotation marks omitted.) Id., 628. The court determined that the fact that the defendants had pointed out the incorrect statutory citation in their motion to dismiss demonstrated that they were aware of the true basis of the plaintiff's action. Id., 628–29. The court concluded, therefore, that the plaintiff's failure to cite the correct statutory authority for his action was not a proper basis for dismissing the action. Id., 629.

We believe that the defendant's reliance on *Caruso* is misplaced, as that case is distinguishable from the present appeal on two bases. First, the plaintiff's failure to cite the correct statute in *Caruso* did not implicate a waivable defense, as does the defendant's failure to cite the correct statute of limitations here. Second, in *Caruso*, the defendants clearly had notice of the statutory basis for the plaintiff's action. In this case, the plaintiff made claims sounding in both breach of contract and tort. The record here does not support the defendant's claim that from the beginning of the case, the plaintiff was aware that the defendant was asserting the defense of the statute of limitations as to the trespass claim, which sounded in tort.[2]

Our thorough review of the record leads us to conclude that the present appeal is governed by our holdings in *Avon Meadow Condominium Assn., Inc.*, and *Ramondetta*. As did the defendants in *Avon Meadow Condominium Assn., Inc.*, and the plaintiffs in *Ramondetta*, the defendant here failed to plead specifically the applicable statute of limitations with regard to the plaintiff's trespass claim, instead pleading only the statute of limitations concerning contracts. The limitations period for tort actions found in § 52-577 is procedural

---

[2] We note that in its posttrial brief, the plaintiff stated that the defendant had pleaded only the statute of limitations pertaining to contract actions and, citing *Avon Meadow Condominium Assn., Inc.*, argued that such a pleading could not bar the plaintiff's trespass claim.

rather than jurisdictional, thus making it subject to waiver. See *Orticelli* v. *Powers,* supra, 197 Conn. 16. The defendant's failure to plead with specificity meant that it waived its defense of the statute of limitations as to the plaintiff's trespass claim. The court's judgment on the second count of the complaint in favor of the defendants, therefore, was improper.

We conclude that because the defendant failed to plead specifically the special defense of statute of limitations to the plaintiff's claim for trespass, the trial court improperly applied the special defense to the second count of the plaintiff's complaint. We therefore reverse the judgment of the court as to this count.

## II

The plaintiff argues that this court should remand the case to the trial court solely for a hearing in damages on the trespass count. It contends that the trial court found that the defendant's occupation of the plaintiff's property was permanent in nature but failed to reach the issue of damages because it decided that the trespass claim was barred by § 52-577. We disagree.

In its memorandum of decision, the court noted that the plaintiff's second count raised the issue of whether the acts alleged constituted a continuing or permanent trespass. After citing case law defining the two types of trespass, the court stated: "The court notes that here the cause of action occurred in 1981 and that the activities complained of were known to the plaintiff on or about 1981. The court finds that [the] trespass alleged here, is a permanent one, in that the activities of the defendant had been fully accomplished on or about 1981 and there was no further conduct by the defendant as to the trespass; therefore, the statute of limitations began to run on or about 1981. Accordingly the plaintiff's claim of trespass is barred by the statute of limitations."

It is unclear from this language in the memorandum of decision referring to the "trespass alleged" whether the court was referring merely to the complaint allegations or, alternatively, was explicitly finding that the defendant's actions constituted a trespass.[3] We therefore deny the plaintiff's prayer to remand the case solely for a hearing in damages.

The judgment is reversed in part and the case is remanded for further proceedings on the plaintiff's trespass claim.

In this opinion the other judges concurred.

[3] Furthermore, a continuing trespass arguably might have taken the trespass out of the statutory bar of § 52-577, but there was no notice in the pleadings that a defense to that claim had been made on the basis of § 52-577, and the plaintiff was entitled, in the absence of the pleading of a special defense, to assume that the defendant had waived any such defense and, therefore, not offer evidence in avoidance of a special defense which had not been raised.