EUGENIA MARTINO, ADMINISTRATRIX (ESTATE OF
FRANCESCA M. BENEDETTO) *v.* AMANDA SCALZO,
EXECUTRIX (ESTATE OF ZACARIAS
DACOSTA, JR.), ET AL.
(AC 29205)

McLachlan, Lavine and Foti, Js.

Argued October 17, 2008—officially released March 24, 2009

Raymond C. Lubus, for the appellant (defendant Zacarias DaCosta, Sr.).

Timothy Brignole, with whom, on the brief, was Juri E. Taalman, for the appellee (plaintiff).

*Opinion*

McLACHLAN, J. The defendant, Zacarias DaCosta, Sr.,[1] appeals from the judgment of the Superior Court, sitting as the court of probate, denying his secured claim against the estate of Zacarias DaCosta, Jr. The defendant claims that the trial court improperly raised, sua sponte, and applied the statute of limitations contained in General Statutes § 42a-3-118 (b).[2] We agree and reverse the judgment of the court.

---

[1] The named defendant, Amanda Scalzo, executrix of the estate of Zacarias DaCosta, Jr., filed an appeal from the trial court judgment, and the defendant Zacarias DaCosta, Sr., the father of Zacarias DaCosta, Jr., filed a cross appeal. The named defendant subsequently withdrew her appeal. Antoinette DaCosta, the mother of Zacarias DaCosta, Jr., was also a defendant at trial, but has not appealed. We therefore refer in this opinion to Zacarias DaCosta, Sr., as the defendant.

[2] The defendant claimed on appeal that General Statutes § 42a-3-118 (b) is not applicable to its claim on the estate of DaCosta, Jr. We ordered the parties to file supplemental briefs addressing: "Whether the parties pleaded and argued . . . the issue of the statute of limitations contained in General Statutes § 42a-3-118 (b). If not, whether it was proper for the trial court, sua sponte, to decide the case on the basis of the statute of limitations." The parties filed their supplemental briefs on January 9, 2009. In light of the parties' arguments in the supplemental briefs, we find the issue of waiver dispositive and need not resolve the defendant's claim regarding the applicability of the statute of limitations.

The plaintiff claims that (1) General Statutes § 49-13 may be asserted in a probate proceeding as an affirmative defense to the debt claimed by the defendant, even though it is not a foreclosure action, (2) the defendant's mortgage fails to meet the requirements and criteria for an open-ended mortgage, (3) the statute of frauds applies to a promissory note and no action may be brought on such an alleged note when the original note cannot be found and no copy exists, (4) parol evidence may not be admitted to provide the terms and conditions of a promissory note when neither the

The following facts and procedural history are relevant to the resolution of the defendant's claims. On May 29, 2005, Zacarias DaCosta, Jr., and Francesca M. Benedetto died from gunshot wounds. On August 8, 2005, the defendant made a claim on the estate of Zacarias DaCosta, Jr., for $118,000 and interest on a mortgage issued to the defendant.[3] On September 6, 2005, the plaintiff, Eugenia Martino in her capacity as administratrix of the estate of Francesca M. Benedetto, made a $5,000,000 unsecured claim against the estate of Zacarias DaCosta, Jr., for the wrongful death of Benedetto. On May 15, 2007, judgment was rendered in Superior Court for the plaintiff in her wrongful death action in the amount of $5,000,000. The plaintiff filed a petition to contest the validity of the defendant's claim in the Probate Court, alleging the "illegality of the mortgage and promissory note" and relying on only General Statutes §§ 49-4a, 49-4b (c), 49-31b,[4] 42a-3-105 and 42a-3-104. The Probate Court, *Hon. Dianne E. Yamin*, found

original note, nor a copy therof, can be found, (5) the transaction involving an alleged note and mortgage had no validity, and courts will not enforce a transaction where a layperson engages in what amounts to an unauthorized practice of law in preparing the alleged note and mortgage and in advising the parties of their respective rights and duties and (6) the dead man's statute, General Statutes § 52-172, should have precluded the statements of DaCosta, Jr., from being admitted. We do not resolve the plaintiff's claims relying on factual determinations because the record is insufficient for our review. We decline to review the plaintiff's purely legal claims because any discussion of those issues would result in an advisory opinion. "[Our Supreme Court has] consistently held that [our courts should] not render advisory opinions. . . . [W]here the question presented is purely academic, we must refuse to entertain the appeal." (Internal quotation marks omitted.) *Echavarria* v. *National Grange Mutual Ins. Co.*, 275 Conn. 408, 419, 880 A.2d 882 (2005)

On remand, we expect that the court will address the validity of the claim.

[3] The defendant also made several claims, for which there are no security, that are not at issue in this case.

[4] The plaintiff cited "General Statutes § 49-31(b)" in her petition, but we conclude that she intended to refer to § 49-31b because of her allegation that the mortgage did not state the maximum term of the promissory note. In addition, § 49-31 (b) does not exist and § 49-31 refers to actions against the state.

that the defendant "could not recall particulars from so many years ago." She also found, "[b]ased on the testimony at the hearing . . . a debt of $51,000."[5]

The plaintiff appealed from the judgment of the court of probate, alleging in relevant part that: "At the time of . . . DaCosta, Jr.'s death, there was an alleged mortgage in the sum of [$118,000] recorded as a mortgage on the real estate of . . . DaCosta, Jr., located at 7 Bullet Hill Road in Danbury, Connecticut, which mortgage was to his parents, [the defendant] and Antoinette DaCosta. . . . [The defendant] and Antoinette DaCosta have no copy of a promissory note and have no recollection of any terms and conditions of the promissory note, yet made a claim against the [estate of DaCosta, Jr.] for the full amount of [$118,000] plus accruing interest from the date of the mortgage. . . . The [e]state of Francesca M. Benedetto filed a petition to contest the validity of a debt regarding the debt of [the defendant] and Antoinette DaCosta on the mortgage, which petition went to a hearing on March 21, 2006. . . . The Probate Court erred in deciding that a portion of the mortgage should be paid from the assets of the [estate of DaCosta, Jr.]." A trial was held in the Superior Court, *Frankel, J.*, presiding, on June 26, 2007. In accordance with court orders, posttrial briefs were filed by the plaintiff and the defendant on July 30, 2007, and the plaintiff filed a reply brief on August 13, 2007. There was no mention of General Statutes § 42a-3-118 in the plaintiff's complaint, during trial or in the posttrial briefs.

On August 28, 2007, the court issued a memorandum of decision and denied the defendant's claim. The court stated that "[t]he only issue before the court is whether [the defendant's] claim against the estate is valid. . . .

---

[5] The $51,000 debt consisted of the defendant's loan to DaCosta, Jr., of $35,000 cash and the defendant's purchase of a $16,000 truck for DaCosta, Jr.

[The defendant] claim[s] that there was a mortgage recorded on the land records of the town of Danbury." The court concluded that "[t]he lost note in this case [was] rather irrelevant. The mortgage note was 'on demand.' In the 11 years that the mortgage and note were in place, the lenders never once made demand on the note. The father never asked his son to repay any monies. . . . All credible evidence is that no demands were made for the repayment of the loans. . . . General Statutes § 42a-3-118 (b) provides in relevant part that '[i]f no demand for payment is made to the maker, an action to enforce the note is barred if neither principal nor interest on the note has been paid for a continuous period of ten years.'[6] . . . The defendant's claim for the payment on the mortgage given to his son arose on November 30, 1994. The defendant, however, did not make a demand for payment on the note for nearly eleven years. It was not until after the [death of DaCosta, Jr.] on May 29, 2005, at the time the executrix began the administration of the estate that the first demand for payment was made. Therefore, under § 42a-3-118 (b), the defendant's claim to recoup the amount owed to him on the note is invalid because more than ten years had transpired. . . . The claim of [the defendant] and Antoinette DaCosta is denied."

The defendant claims that the trial court improperly raised the statute of limitations contained in General Statutes § 42a-3-118 sua sponte after the plaintiff failed to include it in any pleading or argue that it applied. We agree.

The defendant's claim is entitled to plenary review. "The interpretation of the requirements of the rules of practice presents a question of law, over which our review is plenary." *Cue Associates, LLC* v. *Cast Iron*

---

[6] The defendant's claim in the Probate Court and on appeal in the Superior Court was asserted as a mortgage.

*Associates, LLC,* 111 Conn. App. 107, 111, 958 A.2d 772 (2008). In addition, "[t]he construction of a pleading is a question of law, over which we exercise plenary review." *Miller* v. *Egan,* 265 Conn. 301, 308, 828 A.2d 549 (2003). Practice Book § 10-76 (a) provides: "Unless otherwise ordered, in all appeals from probate the appellant shall file reasons of appeal, which upon motion shall be made reasonably specific, within ten days after the return day; and pleadings shall thereafter follow in analogy to civil actions." Practice Book § 10-50 provides that "[f]acts which are consistent with [the claimant's allegations] but show, notwithstanding, that the plaintiff has no cause of action, must be specially alleged. Thus . . . the statute of limitations . . . must be specially pleaded . . . ." "The fundamental purpose of a special defense, like other pleadings, is to apprise the court and opposing counsel of the issues to be tried, so that basic issues are not concealed until the trial is underway." (Internal quotation marks omitted.) *McCann Real Equities Series XXII, LLC* v. *David McDermott Chevrolet, Inc.,* 93 Conn. App. 486, 491, 890 A.2d 140, cert. denied, 277 Conn. 928, 895 A.2d 798 (2006).

"An additional consideration informs the analysis when the pleading in question is a special defense raising a statute of limitations. In instances in which a limitations period is contained within the statute that establishes the underlying remedy, such a limitations period is jurisdictional and cannot be waived. . . . However, when the right of action exists independently of the statute in which the limitations period is found, the statutory bar is considered personal and procedural and is *deemed waived if not specially pleaded.* . . .

"In *Avon Meadow Condominium Assn., Inc.* v. *Bank of Boston Connecticut,* 50 Conn. App. 688, 691, 719 A.2d 66, cert. denied, 247 Conn. 946, 723 A.2d 320 (1998), the plaintiffs brought a three count complaint alleging

breach of contract, misrepresentation and a violation of the Connecticut Unfair Trade Practices Act, General Statutes § 42-110a et seq. The defendant pleaded special defenses, including the statute of limitations. . . . The trial court granted the defendant's motion for summary judgment, holding that the limitations period for actions sounding in tort found in [General Statutes] § 52-577 barred the plaintiffs' misrepresentation claim. . . .

"On appeal, the plaintiffs in *Avon Meadow Condominium Assn., Inc.*, argued that the defendant's failure to plead specifically as a special defense the statute of limitations found in § 52-577 precluded the trial court from applying that section to bar their misrepresentation claim. . . . The defendant contended that, although it explicitly referenced only [General Statutes] § 52-581, the wording of the special defense nevertheless was sufficient to raise the defense to the misrepresentation claim. . . .

"This court reversed the judgment of the trial court, concluding that because the defendant cited General Statutes § 52-581, which pertains to contracts exclusively, it did not plead § 52-577. Moreover, there [was] no reference made to § 52-577, which applies to actions sounding in tort. . . . Because the defendant had not pleaded the statute of limitations section specifically, we concluded that it had waived its right to have that defense considered by the trial court. . . .

"We recently addressed the issue of whether a trial court properly rejected a party's statute of limitations defense on the basis of the party's failure to plead the statute providing for that defense specifically. In *Ramondetta* v. *Amenta*, 97 Conn. App. 151, 161, 903 A.2d 232 (2006), the plaintiffs attempted to raise the special defense of the statute of limitations to the defendant's unjust enrichment counterclaim, which was based on an underlying oral contract. The plaintiffs

pleaded that the defendant's claims are barred by the applicable [s]tatute of [l]imitations. . . . The plaintiffs' only subsequent reference to the special defense came in their posttrial memorandum of law, which stated: Clearly, the statute of limitations for an oral agreement is three (3) years, with a limitation for a written agreement being six (6) years. . . .

"We held that the trial court properly considered the plaintiffs' statute of limitations defense waived. At no point from the filing of the defendant's counterclaim to the rendering of judgment by the court did the plaintiffs identify the applicable statute on which they relied. That infirmity is fatal to the plaintiffs' claim. The underlying purpose of affirmative pleading is to apprise the court and the opposing party of the issue to be tried. . . . Consistent with that purpose, a party raising a statute of limitations defense must identify the statute that allegedly is applicable. In pleading such a defense, the bare assertion that the applicable statute of limitations bars a particular action is inadequate to apprise the court or the opposing party sufficiently of the nature of the defense. . . . We find the rationale of such a holding persuasive because if a particular statute of limitations is not pleaded, the plaintiff is not on notice to plead and prove matters in avoidance of the particular statute of limitations not pleaded. See Practice Book § 10-57. *Where a particular statute of limitations . . . is not jurisdictional and has not been pleaded, [the opposing party] is entitled to conclude that it was waived.*" (Citations omitted; emphasis added; internal quotation marks omitted.) *Cue Associates, LLC* v. *Cast Iron Associates, LLC*, supra, 111 Conn. App. 112–15.

The defendant claims that the trial court improperly applied § 42a-3-118 (b), sua sponte, to its determination of the defendant's claim on the estate of DaCosta, Jr. The defendant argues that the plaintiff's failure, in the pleadings or otherwise, during her appeal from the Probate Court, to raise the statute of limitations contained

in § 42a-3-118 (b) constituted a waiver of the special defense and denied him the opportunity to address the applicability of that statute of limitations. The plaintiff argues that she "raised and argued the issues relating to the statute of limitations contained in . . . § 42a-3-118 (b)" by discussing the applicability of General Statutes § 49-13[7] in her posttrial reply brief.[8] Alternatively, the plaintiff argues that the statute of limitations properly was raised sua sponte because the defendant's

[7] Although the plaintiff repeatedly refers in her supplemental brief to General Statutes "§ 49-13 (a) (C)" and occasionally to "§ 49-13 (c)," we assume that the plaintiff intended to refer to § 49-13 (a) (1) (C) and (c), respectively.

General Statutes § 49-13 provides in relevant part: "(a) When the record title to real property is encumbered (1) by any undischarged mortgage, and . . . (C) the mortgage does not disclose the time when the note or indebtedness is payable or disclose the time for full performance of the conditions of the mortgage and ten years have passed without any payment on account of the promissory note or other written evidence of indebtedness . . . the person owning the property, or the equity in the property, *may bring a petition to the superior court for the judicial district in which the property is situated, setting forth the facts and claiming a judgment as provided in this section.* . . . (c) Such notice having been given according to the order and duly proven, the court may proceed to a hearing of the cause at such time as it deems proper, and, if no evidence is offered of any payment on account of the debt secured by the mortgage within a period set out in subsection (a) of this section, or of any other act within such a period as provided in said subsection (a) in recognition of its existence as a valid mortgage . . . the court may render a judgment reciting the facts and its findings in relation thereto and declaring the mortgage . . . invalid as a lien against the real estate . . . ." (Emphasis added.)

We note that the plaintiff has made no argument that she satisfied the procedural directives of § 49-13. See *Gordon* v. *Tufano*, 188 Conn. 477, 483–84, 450 A.2d 852 (1982). It is well settled that § 49-13 allows a court to remove a mortgage which is undisputed and does not empower a court to determine the validity of a disputed mortgage; accordingly, it is not clear that the court would have had jurisdiction in the present case to discharge the mortgage under § 49-13. See id., 483–85; see also *Ratick* v. *Scalo*, 165 Conn. 675, 679–80, 345 A.2d 26 (1974) (motion to cancel lis pendens not appropriate procedure for declaring lis pendens invalid under § 49-13).

[8] The plaintiff also states in support of her argument that she introduced testimony "that the mortgage in question in the present case [was] unpaid by [DaCosta, Jr.] . . . for a period of more than ten . . . years." The defendant, however, had no reason to believe that this testimony was not directed at the plaintiff's allegation that the mortgage was fraudulent.

claim was declared "invalid" by the trial court, and, therefore, "the trial [c]ourt lacked subject matter jurisdiction to consider it." We agree with the defendant.

Despite the plaintiff's argument, the § 42a-3-118 statute of limitations is not jurisdictional. The right to enforce a mortgage existed at common law, and even if the defendant's claim were based on the enforcement of a note, such a right also existed at common law. Thus, § 42a-3-118 contains a statute of limitations that is procedural, not substantive, and does not implicate the subject matter jurisdiction of the court. As such, it may be waived. See *Cue Associates, LLC* v. *Cast Iron Associates, LLC*, supra, 111 Conn. App. 112.

The plaintiff was, therefore, responsible for pleading the statute of limitations so as to "apprise the court and opposing counsel of the issues to be tried." *McCann Real Equities Series XXII, LLC* v. *David McDermott Chevrolet, Inc.*, supra, 93 Conn. App. 491. The plaintiff neither pleaded the statute of limitations nor apprised the defendant that it was at issue. Because of the court's sua sponte application of the statute of limitations, the defendant was not afforded the opportunity to plead and present evidence in avoidance of the statute of limitations. See, e.g., *Cadle Co.* v. *Errato*, 71 Conn. App. 447, 460, 802 A.2d 887 (statute of limitations defense contained in § 42a-3-118 can be lost by unequivocal acknowledgment of debt which tolls statute of limitations), cert. denied, 262 Conn. 918, 812 A.2d 861 (2002).

The rationale of *Cue Associates, LLC*, controls our analysis of the plaintiff's assertion that "although § 42a-3-118 (b) was not specifically cited in the pleadings or the briefs, it was referenced by description in § 49-13 (a) [1] (c) and argued in the plaintiff's reply brief,[9]

---

[9] We repeat, in light of the plaintiff's ambiguously worded claim, that the plaintiff's posttrial reply brief discussed General Statutes § 49-13, *not* General Statutes § 42a-3-118 (b). Thus, the plaintiff appears to assert only that she argued § 49-13 in her posttrial brief.

wherein the plaintiff claimed that the mortgage was invalid pursuant to § 49-13 [c] . . . ." We conclude that the plaintiff's inclusion of § 49-13 in her posttrial reply brief, filed on the last day on which reply briefs could be filed, cannot possibly be said to apprise the defendant of the issue to be tried.[10] Accordingly, we conclude that the plaintiff waived the application of § 42a-3-118 (b) to the defendant's claim and the court's application of it was improper.

The judgment is reversed and the case is remanded for further proceedings according to law.

In this opinion the other judges concurred.

---

[10] We do not today endorse the raising of a statute of limitations at any time after the pleadings are closed, but we note that introduction of the issue at such a late date could never be said to fairly apprise the opposing party.